## HUG v. LAKEWOOD ENGINEERING CO.

(Circuit Court of Appeals, Sixth Circuit.
June 30, 1925.)

No. 4188.

1. Patents ⊚═328 — Hug, 1,421,237, for sub-grading machine, held invalid for lack of invention.

The Hug patent, No. 1,421,237, for a sub-grading machine, *held* invalid for lack of invention.

2. Patents ⊚═26(1)—When new combination of old elements is patentable stated.

The question of the patentability of a new combination of old elements presents a more or less unique problem in each case. A novel and useful combination of old elements selected from several places is usually patentable; but, if most of the elements were already in combination, the addition of one or two, already well known, singly or in groups, as common expedients in similar situations, or the substitution for one or two of those elements of devices familiar to mechanics for analogous use, must be a very meritorious case of benefit to the art to justify a patent.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Ohio; D. C. Westenhaver, Judge.

Suit in equity by Christian J. Hug against the Lakewood Engineering Company. Decree for defendant, and · complainant appeals. Affirmed.

For opinion below, see 291 F. 892.

Jas. L. Hopkins, of St. Louis, Mo. (Hull, Brock & West, of Cleveland, Ohio, on the brief), for appellant.

A. J. Hudson, of Cleveland, Ohio (Thurston, Kwis & ·Hudson, of Cleveland, Ohio, on the brief), for appellee.

Before DENISON and DONAHUE, Circuit Judges, and ROSS, District Judge.

PER CURIAM. [1] Infringement suit based on patent No. 1,421,237, issued to appellant June 27, 1922, on a subgrading machine. Claim 1 is quoted in the margin.[1] Judge Westenhaver thoroughly considered the patent in connection with the prior art, and held that it was invalid for lack of invention. With this conclusion we agree. So

much of his opinion as relates to that subject we adopt, as follows:

"Defendant is and has been since 1918, making a similar subgrading machine under United States letters patent No. 1,268,-925, issued to E. G. Carr, June 11, 1918, on application filed March 7, 1917. In the latter part of 1919 or the early part of 1920, long prior to Hug's application date, defendant had improved its subgrader, so that it embodied all the features found in Hug's patent, except the wheels, crank axle, and tongue, presently to be described. In 1923 defendant added wheels to the Carr device, and the charge of infringement is based specifically upon this addition.

"These structures are so simple in their elements and principle of operation, and the issues lie within such a narrow compass, that no detailed description of the respective structures is required. They are so similar that it would seem Hug must have used Carr as a basis for his invention, despite his denial. If this is not true, then he, like Carr, probably used the familiar road scrapers and graders of the pre-existing art. The only change or addition made by Hug to defendant's commercial Carr device consists in adding a pair of wheels, a crank axle to raise and lower the grader, a tongue of the ordinary wagon type, attached to the crank axle with ordinary wagon hounds, and a retaining latch to hold the tongue in a fixed position when the wheels are lowered and the scraper is raised. The crank axle is added for its usual and normal purpose of enabling a structure to be raised and lowered by means of wheels attached to the axle. The wagon tongue and hounds are added , for the usual and normal purpose for which they have been used in wagons since a time whereof the memory of man runneth not to the contrary. Normally these additions were made for the purpose only of making the grader portable. In the operation of the subgrader, they perform the same function and accomplish the same result as the pedestal and levers of the Carr device, or of their modified equivalents in defendant's commercial structure.

"Subgraders in road making are operated by some form of traction, usually a traction road roller. It is desirable to turn the grader around and operate it in both directions. It is also desirable to turn it halfway around, so as to permit traffic to pass while in operation. In the Carr device, the pedestal and levers permitted both of these operations. It is claimed for the wheels of the

---

[1] "1. In a subgrading machine, the combination of a frame, grading blades carried by said frame, rollers supporting the frame when in operative position, a crank axle journaled transversely on said frame, wheels mounted on said crank axle, and a tongue secured to said crank axle and arranged to transfer the weight of the frame to said wheels for the purpose of transporting the machine when not in operative position."

Hug device that the subgrader may be wheeled transversely to one side of the road, to clear the other side, to permit traffic to pass, and this, on the hearing, is the only material advantage claimed for it. That this accomplishes the old result in any substantially better way may well be doubted. The presence of the traction road roller in the center of the road, and the limit upon transverse movement, due to the circumference of the wheels, the header forms, or embankments, make it very questionable whether any greater clearance for traffic can thus be obtained. If this is not a new or different function and result, then, aside from the portability obtained, I perceive no new or different result or function accomplished by Hug's addition to Carr.

"Defendant contends that putting wheels under a subgrader so as to make it portable, does not involve the inventive faculty. This is undoubtedly true. Defendant also contends that the wheels, crank axle, and tongue are mere additions to a subgrader and perform no function in connection with the other elements of the subgrader, and hence a mere aggregation, and not a true combination in the patentable sense, is produced. Obviously these additions perform no function in connection with the other elements of the subgrader while it is performing its normal function of a road grader. It is no more a part of the combination making up the grader than is the traction road roller, which supplies the power to operate it. It is undoubtedly true that a mere aggregation is produced, unless it can be said that the necessity for getting the subgrader frequently and quickly out of the way of traffic is an essential function of a practical road grader. If Hug's additions are not merely a double use of old elements, it certainly follows that the question of patentability is brought down to an exceedingly narrow basis, and that Hug's patent claims can be sustained, if at all, only for his specific construction.

"My opinion is that, in view of the prior art, no invention can be found in the Hug device. As already stated, all of its elements are found in, if not copied from, the Carr patent and defendant's commercial structure, with the exception of the crank axle and wheels, and the wagon tongue and retaining latch. These elements are all old in the prior art, and were used for the same purpose. In Baker's treatise on Roads and Pavements, published in 1916, at page 101, is illustrated a wheel scraper with a crank axle for raising and lowering the scraper

The yoke of the handle or lever is attached to the crank axle in the same manner and position as is Hug's wagon tongue.

"In United States letters patent No. 659,-867, dated October 16, 1900, issued to F. A. Hetherington, are found a crank axle and wheels in a paving tool, with means to raise and lower the paving tool. It is true the wheels are removed when the paving tool is in use, and applied only when it is not in use, and portability is desired. In United States letters patent No. 80,155, dated July 21, 1868, to E. B. Driskell, is found an improved road scraper, with wheels, a crank axle and handles to raise and lower the scraper. The wheels are not removable, and the handles perform the lever function of raising and lowering the scraper. In United States letters patent No. 358,179, dated February 22, 1887, issued to T. Willsea, for a ditching machine, are also found wheels, a crank axle, handle, and lever means for raising and lowering the ditcher.

"In United States letters patent No. 941,-929, dated November 30, 1909, issued to W. Kaiser, for a road and land leveling machine, are found wheels, a crank axle, and tongue or lever for raising and lowering the scraper. It has a retaining latch, the substantial equivalent of Hug's retaining latch, used to perform precisely the same function. The lever means for raising and lowering the scraper are more similar to defendant's present construction than to Hug. In all of these several disclosures, the function and purpose of the wheels, crank axle, tongue, and levers are the same as in both Hug's and defendant's devices.

"In view of the teaching and disclosures of this prior art, no invention was required to transfer therefrom the wheels, crank axle, tongue, lever attachment, and retaining latch to Hug's subgrader. They perform no new or different function in Hug's combination. They were adopted and used for precisely the same purpose, and accomplished substantially the same result."

[2] The criticism made by appellant is that the trial court put too much stress upon the fact that each element was old, and not enough upon the principle that a new combination of old elements may be patentable. Each case involving these questions presents a more or less unique problem. In one class the patentee makes a selection of old elements from several places and puts them into a novel and useful combination; this will not usually be found to be unpatentable. In the other class he finds most of the elements already in combination, and

adds one or two already well known, singly or as groups, as common expedients in similar situations, or he substitutes for one or two of those elements devices already familiar to mechanics for analogous use; here must be a very meritorious case of benefit to the art in order to justify a patent. Upon the best consideration that we can give, we think what Hug did was of the latter class.

The judgment is affirmed.