## NATIONAL LOCK CO. v. WINTERS & CRAMPTON CORPORATION.

### No. 2761.

District Court, W. D. Michigan, S. D. March 23, 1937.

Clarence E. Threedy, of Chicago, Ill., and Fred P. Geib, of Grand Rapids, Mich., for plaintiff.

Frank E. Liverance, Jr., and Tom Boman, both of Grand Rapids, Mich., for defendant.

RAYMOND, District Judge.

This is a suit for infringement of claims 1, 2, 3, 6, 7 and 8 of patent No. 1,-937,778, for latch, issued December 5, 1933, to North and Lindstrom. By counterclaim, defendant alleges infringement by plaintiff of claim 1 of patent No. 2,010,907 for refrigerator latch, issued August 13, 1935, to Winters and DeVoe. The findings disclose the nature of the claims.

Consideration of the prior art cited against the North and Lindstrom patent, especially Larsen 667,023, Winters 1,278-875 and Crampton 1,211,549, is convincing that no patentable combination is disclosed, that the improvement in certain elements was the exercise of the skill of the calling clearly indicated by the prior art, and that the claims relied upon are not valid. This conclusion results from application of the principles discussed in the following cases: Electric Cable Co. v. Brooklyn Edison Co., 292 U.S. 69, 79, 54 S.Ct. 586, 78 L.Ed. 1131; Altoona Theatres v. American Tri-Ergon Corporation, 294 U.S. 477, 486, 55 S.Ct. 455, 79 L.Ed. 1005; Hug v. Lakewood Engineering Co., 6 Cir., 7 F.2d 98; and Hartman Furniture & Carpet Co. v. Banning, 7 Cir., 59 F.2d 129. The controlling issue is whether, in view of the state of the art, the patent discloses exercise of the inventive faculty. The fundamental combination of elements disclosed in the patent is found in Larsen 667,023. The differences are that the spring used to act upon the latch bolt in Larsen is a leaf spring, while in the patent in suit it is a coiled spring; and that in Larsen, the handle and the latch bolt are integral while in the patent in suit they are not connected. There is, however, no invention in substituting a coiled spring for a leaf spring to accomplish substantially the same purpose. Separation of the handle and latch bolt mounted on the same pivot is shown in Ledwinka, 1,-607,263. While it may be true that the patent in suit describes a somewhat better device than did the Larsen disclosure, such improvement results merely from the addition of old and well-known features in the art of latch making. Patentability re-

quires something more than the mere carrying forward of ideas set forth in earlier patents relating to the same art. Here there is found no new combination which gives patentable distinction to the structure. The results of a patentable combination must be the product of the combination and not a mere aggregate of several results, each the complete product of one of the combined elements.

It being the conclusion of the court that the claims relied upon fail to disclose patentable invention, plaintiff's bill must be dismissed.

Defendant by its counterclaim charges plaintiff with infringement of claim 1 of the Winters and DeVoe patent No. 2,010,-907, issued August 13, 1935, for Letters Patent on a refrigerator latch. Plaintiff, among other defenses, insists that it does not employ in its latch structures the elements of claim 1 of the Winters and DeVoe patent or their mechanical equivalents. Examination of the device alleged to infringe discloses that plaintiff does not include a spring located between the latch bolt and the support as recited in claim 1, nor does it employ spaced rollers between which the latch bolt moves. While plaintiff's structure includes the U-shaped support, it does not use in that structure the "spaced rollers" between which the latch bolt extends. In the proceedings before the patent office, the patentees in distinguishing the alleged invention from the Young patent No. 508,361, said: "An inspection of these references will show that every one of them except Young lacks the U-shaped form called for by the claim, and that Young is insufficient in that it lacks the spring means located as called for in this claim. This claim was also rejected as reading on Ekman, but Ekman does not have the spaced rollers. * * * The patent to Edgar is not applicable to claim 2 because Edgar lacks the proper location for his spring means * * *. Young also lacks the proper location of his spring means."

It is the view of the court that by this contention and by the language of the claim in suit, the patentee made the specific location of the spring a controlling feature thereof. See D'Arcy Spring Co. v. Marshall Ventilated Mattress Co., 6 Cir., 259 F. 236, 240, where it is said: " * * * where the claim defines an element in terms of its form, material, location or function, thereby apparently creating an express limitation, where that limitation pertains to the inventive step rather than to its mere environment, and where it imports a substantial function which the patentee considered of importance to his invention, the court cannot be permitted to say that other forms, which the inventor thus declared not equivalent to what he claimed as his invention, are nevertheless to be treated as equivalent, even though the court may conclude that his actual invention was of a scope which would have permitted the broader equivalency." See, also, United Shoe Machinery Corporation v. O'Donnell R. Products Co., 6 Cir., 84 F. 2d 383.

From the foregoing, the necessary conclusion of the court is that plaintiff's structures do not infringe and that defendant's counterclaim should therefore be dismissed.

A decree in conformity herewith may be submitted for signature on or before March 31, 1937.