## MUNTER *v.* WEIL CORSET COMPANY, INC.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR
THE DISTRICT OF CONNECTICUT.

No. 255.  Argued January 22, 1923.—Decided February 26, 1923.

1. In an action on contract in the District Court valid service on the defendant cannot be made in another district and State.  P. 277.
2. Motion by a defendant in the District Court that the cause be " erased from the docket ", for want of proper service, *held* in effect a motion to dismiss for want of jurisdiction.  P. 277.
3. The methods of raising questions of jurisdiction in the federal courts are not controlled by state procedure and the Conformity Act (Rev. Stats. § 914), but are determined by this Court.  P. 278.
4. A defendant who seasonably objects to a void service of process does not submit to the jurisdiction by failing to conform to an erroneous view of the District Court on the manner of raising the objection, or by subsequent inactivity concurred in by the opposite party.  P. 278.

Reversed.

ERROR to a judgment of the District Court, entered on default in an action for goods sold and delivered and for breach of contract.

*Mr. Elijah N. Zoline* for plaintiff in error.

*Mr. Benjamin Slade* for defendant in error.

MR. JUSTICE McKENNA delivered the opinion of the Court.

Action in the District Court for the District of Connecticut, by the Weil Corset Company, a corporation of Connecticut, against Charles Munter, a citizen and resident of New York, for breach of contract, damages being laid at $7,273.26 with interest from November 13, 1914. Service upon Munter was made in New York City.

The case is between citizens of different States and involves more than three thousand dollars, exclusive of

interest and costs. It therefore is within the general jurisdiction of the District Courts. § 24 of the Judicial Code. The plaintiff being a resident of the district in which the suit was brought, the defendant could not object to the venue or place of suit. § 51, Judicial Code. *Camp* v. *Gress*, 250 U. S. 308; *Lee* v. *Chesapeake & Ohio Ry. Co.*, 260 U. S. 653.

But service of process was made upon Munter in New York and he availed himself of the fact by filing on August 30, 1918, before the return day, by his attorney, the following motion: " The defendant moves that the above entitled case be erased from the docket, because it appears from the writ and complaint therein that the defendant was at the time of the commencement of said action a, resident of the State of New York, and it appears from the return thereon that service of said writ and complaint was not otherwise made upon him than by leaving a copy of said writ and complaint with him in the Borough of Manhattan, City, County and State of New York."

The court denied the motion on the ground that it " contained no prayer for judgment," a prayer for judgment, it was held, being necessary under the statutes of Connecticut in pleas " to the jurisdiction, or in abatement, or both " and that the condition was made applicable to the District Court by the Conformity Act (§ 914, Revised Statutes, United States). That act provides' that " The practice, pleadings, and forms and modes of proceeding in civil causes, other than equity and admiralty causes, in the circuit and district courts, shall conform, as near as may be, to the practice, pleadings, and forms and modes of proceeding existing at the time in like causes in the courts of record of the State within which such circuit or district courts are held, any rule of court to the contrary notwithstanding."

It may well be contended that the objection to the motion was more verbal than real. There was substan-

tially a prayer for judgment, the only judgment that could be granted, that is, that the " case be erased from the docket " which, necessarily, meant dismissed for want of jurisdiction in the court over the defendant because the " service of said writ and complaint was not otherwise made upon him than by leaving a copy of said writ and complaint with him in the Borough of Manhattan, City, County and State of New York."

We have decided in cases which concern the jurisdiction of the federal courts that notwithstanding the Conformity Act, neither the statutes of the States nor the decisions of their courts are conclusive upon the federal court, the determination of such questions being " in this court alone." *Mechanical Appliance Co.* v. *Castleman,* 215 U. S. 437, 443. The motion of Munter, therefore, should have been granted, and the action dismissed.

It is, however, contended that he, by his subsequent conduct, submitted to the ruling and waived his right of objection. The motion was made August 30, 1918. The case was assigned for trial for November 28, 1921. After some correspondence with counsel for plaintiff and some conversation with the court, Munter, through other counsel, moved the court " for an order vacating and setting aside the decision of June 12, 1919, and directing that the above entitled action be erased from the docket of the Court."

The court denied the motion. The court took pains to review the prior proceedings and distinguished between the objections to the jurisdiction that cannot be waived, and those that can be waived, assigning the objection of Munter to the latter, and when they are waived, " the jurisdiction of the court is complete."

The court deduced a waiver from the conduct of counsel, notwithstanding the court conceded that counsel had strenuously insisted upon the objection. The conclusion was reached because in the view of the court the defective

service had not been properly taken advantage of, and that " by failing to follow up the ruling made on June 12, 1919," the defendant was " guilty of gross laches and by his laches " had " waived his right," and this was " equivalent to an actual waiver under the statute accorded him— to object to the jurisdiction."

We are unable to concur. The service on Munter was void. The District Court of Connecticut had no power to send its process to New York for service. *Toland* v. *Sprague,* 12 Pet. 300, 330; *Herndon* v. *Ridgway,* 17 How. 424; *Insurance Co.* v. *Bangs,* 103 U. S. 435. That Munter might have waived his right to object to the service is established by the cases cited by the court. They are all. to the effect that pleading to the merits or a general appearance without objecting to the service is a waiver. There is no such pleading or appearance in the present case and no action or conduct tantamount to either. There was delay, it is true, but it was as much the delay of the Corset Company as of Munter, and to this situation the Company brought its action. It subjected its action to the indulgence of Munter and he, in the exercise of his right, immediately declared his opposition to the invalid service made in another district and State. He did all that was incumbent upon him to avail of his right. The court erred by denying it, and erred again in refusing to set aside the order denying it.

*Reversed and remanded with directions to dismiss the action.*