## JOSEPH FRACKMAN CO. v. LLOYD'S LONDON, Inc., et al.

(District Court, E. D. Illinois. July 1, 1925.)

No. 2040.

1. **Courts ⬥338—Questions of jurisdiction of federal courts to be determined without regard to state statutes and decisions.**

The Conformity Act (Comp. St. § 1537) does not govern as to questions involving the jurisdiction of the federal courts, but all such questions are to be determined without regard to state statutes and decisions.

2. **Appearance ⬥9(1)—Courts ⬥345—Special appearance of counsel to raise question of jurisdiction dehors the record not general appearance in federal courts, even in states following common-law practice.**

The strict rule of the common law that questions of jurisdiction arising dehors the record may be raised only by pleas or motions pleaded in person and not by attorney, and that the filing of such plea or motion by an attorney amounts to a general appearance, is not enforced in the federal courts, even in states where the common-law practice and pleading are followed, and such question may be raised by plea or motion filed by counsel which plainly limits the appearance of the party to the special purpose of raising the question.

At Law. Action by The Joseph Frackman Company against the Lloyd's London, incorporated by act of Parliament, and others. On motion by defendants to quash service. Granted.

Gesas & Leonard, of Chicago, Ill., Laughlin, Frumberg, Blodgett & Russell, of St. Louis, Mo., and Wheeler, Oehmke & McKnight, of East St. Louis, Ill., for plaintiff.

Lord, Wire & Cobb, of Chicago, Ill., and Kramer, Kramer & Campbell, of East St. Louis, Ill., for defendants.

LINDLEY, District Judge. The defendants move to quash the service of summons, stating that they "by their attorneys appear herein specially for the sole and only purpose of making this motion to question the jurisdiction of the court over their respective persons, and for said purpose only move the court to set aside and quash the alleged

service of summons upon the said defendants." This is signed by the attorneys for the defendants, and below the signatures appears the following: "Attorneys for said defendants appearing specially and solely for the purpose aforesaid."

The service of process was admittedly bad; service having been had upon one now shown by affidavits not to have been the agent of the defendants. The plaintiff contends, however, that, by entering a motion to question the jurisdiction of the court by their attorneys, defendants have waived the right to object to the jurisdiction over their persons. Whether or not this is correct is the sole question involved.

Illinois is a common-law state, and its practice, proceedings, forms, and rules of procedure are taken from and founded upon the common law. In the comparatively recent case of Pratt v. Harris, 295 Ill. 504, 129 N. E. 277, the Supreme Court of that state said: "Furthermore, it is insisted by appellants that appellees entered their appearance. It cannot be doubted that appellees could have waived service by notice and have given the court jurisdiction of their persons by entry of their appearance. In their motion to dismiss, they by their attorney entered their limited appearance for the purpose of making the motion to dismiss for want of jurisdiction. The common-law rule is that a plea to the jurisdiction of the person must be pleaded in person and not by attorney. If pleaded by attorney, it admits the jurisdiction of the court. * * * Appellees rely on Louisville & Nashville Railroad Co. v. Industrial Board, 282 Ill. 136 [118 N. E. 483]. There a motion was made by attorney limiting the party's appearance for the purpose of the motion to dismiss the proceeding for want of jurisdiction. It was objected that the question of jurisdiction could not be raised by attorney but must be raised in person. The court referred to Mineral Point Railroad Co. v. Keep, supra, and said the question might be raised by motion by attorney 'where the objection is apparent on the face of the record.' In this case the objection was not apparent on the face of the record, and parol evidence was required to show why the court did not acquire jurisdiction."

The position of the plaintiff is not that the federal courts are absolutely bound by the Conformity Act (Comp. St. § 1537), but that it is at all times the duty of this court to conform to the "practice, pleadings, forms, and modes of proceedings as nearly as may be practicable." As was stated in

Amy v. Watertown, 130 U. S. 301, 9 S. Ct. 530, 32 L. Ed. 946; "The statute * * * is peremptory, and whatever belongs to the three categories of practice, pleading and forms and modes of proceeding, must conform to the state law and the practice of the state courts, except where Congress itself has legislated upon a particular subject and prescribed a rule. Then, of course, the act of Congress is to be followed in preference to the laws of the state."

It follows that the decision upon this motion turns upon two questions: First, whether or not under the provisions of the Conformity Act, admitting the rule of practice in Illinois to be as contended by plaintiff, this court should follow the rule there adopted; and, second, whether, if this court is not bound to follow the rule of Illinois, it is the law that in cases governed by the common-law system of pleading and practice, independent of what the Supreme Court of Illinois may have said, motions to quash service, based upon facts dehors the record, must be pleaded in person, and whether, in the absence of such special manner of pleading, the party questioning the service will be held to have entered his appearance.

[1] This court is of the opinion that what amounts to a general appearance is to be determined by the federal court independently of state statutes and decisions; that the Conformity Act was not intended to govern such questions; that all questions involving the jurisdiction of the federal courts are to be determined by them without regard to state statutes and decisions. In Munter v. Weil Corset Co., 261 U. S. 276, 43 S. Ct. 347, 67 L. Ed. 652, where the question of the validity of the service was involved, the court said: "We have decided in cases which concern the jurisdiction of the federal courts that, notwithstanding the Conformity Act, neither the statutes of the states nor the decisions of their courts are conclusive upon the federal court; the determination of such questions being 'in this court alone.'" See, also, Mechanical Appliance Co. v. Castleman, 215 U. S. 437, 30 S. Ct. 125, 54 L. Ed. 272; Cain v. Commercial Publishing Co., 232 U. S. 124, 34 S. Ct. 284, 58 L. Ed. 534; Goldey v. Morning News, 156 U. S. 518, 15 S. Ct. 559, 39 L. Ed. 517; Mexican Central Railroad Co. v. Pinkney, 149 U. S. 194, 13 S. Ct. 859, 37 L. Ed. 699.

[2] Admitting that the rule under the common law, as interpreted in Illinois, is that questions of jurisdiction arising dehors the record may be raised only by pleas or motions pleaded in person and not by attorney, and that the filing of such motion or plea under such circumstances amounts to a general appearance, does the same rule abide in the federal court in jurisdictions where the common-law practice and pleadings are followed? There is no federal statute affecting this question. Its decision rests solely upon the proper interpretation of the prior authoritative decisions of the federal courts. Remembering that those courts will decide questions of jurisdiction for themselves, in the manner deemed best suited to carry out the intent and purpose of the federal laws, and proceeding to an examination of the attitude of the various courts of federal jurisdiction where similar questions have arisen, we find that they have as a rule not applied the strict rules of the common law, but have quite generally held that such questions may be raised by the parties in person or by counsel, by plea or by motion which plainly disclose an intention to limit the appearance of the party for the special purpose of raising the precise question in issue.

Thus in Harkness v. Hyde, 98 U. S. 476, 25 L. Ed. 237, where the defendant, an individual, filed a verified motion by his attorneys setting up facts, outside the record, showing that the service was illegal, it was held that the motion would not constitute a general entry of appearance. There the court said: "The right of the defendant to insist upon the objection to the illegality of the service was not waived by the special appearance of counsel for him to move the dismissal of the action on that ground, or what we consider as intended, that the service be set aside. * * * It is only where he pleads to the merits in the first instance, without insisting upon the illegality, that the objection is deemed to be waived."

The same situation existed in Goldey v. Morning News, 156 U. S. 518, 15 S. Ct. 559, 39 L. Ed. 517, where the court said: "Likewise, in the motion filed by the defendant in the Circuit Court of the United States, immediately after the action had been removed into that court, for an order setting aside the summons and the service thereof, it was expressed that the defendant appeared by its attorney specially for the purpose of applying for this order. Irregularity in a proceeding by which jurisdiction is to be obtained is in no case waived by a special appearance of the defendant for the purpose of calling the attention of the court to such irregularity."

In a case where the facts were similar

(Pine Hill Coal Co. v. Gusicki, 261 F. 974), the Circuit Court of Appeals for the Second Circuit said: "The use of the phrase that it appeared specially for the purpose of setting aside the service of the summons, and at the same time, in the order to show cause extending its time to 'appear, demur, or answer, or otherwise act upon the summons and complaint,' prevents it from being considered a general appearance."

See, also, Munter v. Weil Corset Co., 261 U. S. 276, 43 S. Ct. 347, 67 L. Ed. 652; General Investment Co. v. Lake Shore & M. S. R. Co., 260 U. S. 261, 43 S. Ct. 106, 67 L. Ed. 244; Meisukas v. Greenough Red Ash Coal Co., 244 U. S. 54, 37 S. Ct. 593, 61 L. Ed. 987; Jenkins v. York (C. C.) 110 F. 807.

The position of the United States courts has been defined by the Supreme Court in the following words: "It is the settled practice in the federal courts that an appearance may be made for the sole purpose of raising jurisdictional questions, without thereby submitting to the jurisdiction of the court over the action." In that case an individual defendant appeared specially by attorney for the purpose of objecting to the jurisdiction of the court.

The plaintiff contends that the decision of Knox and Crawford v. Summers, 3 Cranch, 496, 2 L. Ed. 510, is an authority to the effect that the rule in the United States court under common-law practice is the same as that of Illinois, but it appears from an examination of that case that there the appearance by counsel which constituted a general entry of appearance was not a limited one, but that, after entering a general appearance, the defendant filed a plea of abatement in his own proper person. The court properly held that it was too late to plead in abatement.

The court therefore is of the opinion that, though the plaintiff's contention as to the law in Illinois is correct, it is not the spirit or intent of the law as interpreted in the federal courts that questions of jurisdiction over the persons of defendants shall be determined under the provisions of the Conformity Act, or that they shall be determined according to the technical rules of the common law, but that on the contrary a special appearance, either in person or by counsel plainly disclosing an intention to limit the appearance for the special purpose of questioning the jurisdiction of the court over the person of the mover constitutes full and adequate protection of the reserved rights of the defendant.

It follows that the motion to quash the service will be allowed. The plaintiff may have an exception.