**LOUIS GREENBERG & BRO., Inc., v. A. I. NAMM & SON.**

No. 6625.

District Court, E. D. New York.

June 26, 1933.

Louis Barnett, of New York City, for plaintiff.

Cyrus M. Lerner, of Brooklyn, N. Y., for defendant.

GALSTON, District Judge.

In this suit, for the alleged infringement by the defendant of letters patent No. 1,643,-159, a decree pro confesso was entered on March 2, 1933, whereby the defendant, "its officers, agents, attorneys, clerks, servants, employees and workmen and each of them," were enjoined from infringement of the patent.

This motion seeks punishment for violation of the injunction order not only of the defendant but also of the La Salle Girl Coat Corporation and one Maurice Chalk.

Neither the La Salle Girl Coat Corporation nor Maurice Chalk was a party to the suit nor bound by the decree.

From the affidavit of Louis Barnett, attorney for the plaintiff, it appears that subsequent to the entry of the decree pro confesso, the defendant purchased from the La Salle Girl Coat Corporation, a corporation having its place of business in the Southern District of New York, a number of coats which the affiant states "embodied infringement of the plaintiff's patent."

The respondents appear specially in opposition to the order to show cause to contest the jurisdiction of the court on the ground that neither of the respondents is a defendant in the cause, nor in any way connected with the defendant, because the service of the order to show cause was made by a private person and not by the marshal of the court; and because the service of the order was within the Southern District of New York and outside of the jurisdictional limits of the court; and, finally, because no act of infringement is charged by the plaintiff to have been committed by the respondents within the jurisdiction of this court.

It will not be necessary to consider all of these grounds. It is sufficient to sustain the opposition on the contention that this court did not obtain jurisdiction over the respondents by the service of its process beyond the territorial limits of the Eastern District of New York. McCall Co. v. Bladworth (C. C. A.) 290 F. 365; Munter v. Weil Cor-

set Co., Inc., 261 U. S. 276, 43 S. Ct. 347, 67 L. Ed. 652.

Accordingly, the order to show cause as to the respondents La Salle Girl Coat Corporation and Maurice Chalk is vacated, and the motion to punish, of course, denied.

As to the defendant in the action a different situation exists. The defendant admits having violated the decree pro confesso, and without seeking to justify such violation, explains at considerable length how it was brought about. Apparently, the defendant, through one of its employees, was led to believe that the La Salle Girl Coat Corporation had a license which permitted it to sell the coats which were purchased by the defendant. It was certainly the duty of the defendant to procure proof of the existence of such license. That it failed to do. I am convinced that such failure was not the result of bad faith, but rather of carelessness; and in consequence only a nominal fine of $50 will be imposed. Settle order on notice.