## KUENZEL v. UNIVERSAL CARLOADING & DISTRIBUTING CO., Inc.

### No. 87.

District Court, E. D. Pennsylvania.

Aug. 30, 1939.

Martin Feldman, of Philadelphia, Pa., for plaintiff.

Edmonds, Obermayer & Rebmann, of Philadelphia, Pa., for defendant.

KALODNER, District Judge.

Plaintiff's complaint, sounding in tort, sought to recover for an alleged libel. Defendant answered and counterclaimed in assumpsit for goods sold and delivered. Plaintiff then filed this motion to strike the counterclaim because of the difference in the forms of action.

Neither party has furnished any authorities upon the precise question subsequent in date to the effective date (September 1, 1938) of the new Federal Rules of Civil Procedure for the District Courts of the United States, 28 U.S.C.A. following Section 723c, and my own search has disclosed none.

Were this a question merely of the construction and effect of the language of the appropriate rule, no difficulty would be presented. Sections (b) and (c) of Rule 13 read as follows:

"(b) A pleading may state as a counterclaim any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim.

"(c) A counterclaim may or may not diminish or defeat the recovery sought by the opposing party. It may claim relief exceeding in amount or different in kind from that sought in the pleading of the opposing party."

Aiding construction in this regard is the discussion of the Rule appearing in the report of the proceedings of the American Bar Association Institute on Federal Rules, at page 248:

"Mr. J. R. Keaton (Oklahoma City, Oklahoma): Does that mean that if A should sue B for tort, an automobile accident, we will say, that B might come back with a promissory note and adjust that in the same suit?

"Mr. Clark (Dean Charles E. Clark of Yale University Law School, Institute Lecturer): It certainly does.

"Mr. Keaton: All of the claims, whether involving a contract or tort, can be settled in the same suit?

"Mr. Clark: Yes."

The language of the rule and the above cited interpretation thereof leave no doubt that its effect, meaning and intent permit counterclaiming such as is involved in the instant suit. The language of the rule is plain, free from ambiguity, and permits of no different construction. As was said in United States to Use and for Benefit of Foster Wheeler Corp. v. American Surety Co. of New York, D. C., 25 F. Supp. 700, 701: "The new rules of procedure are designed to enable the disposition of a whole controversy such as this at one time and in one action, provided all parties can be brought before the court and the matter decided without prejudicing the rights of any of the parties. There is nothing presently apparent which would substantially prejudice the rights of anyone if these various claims are heard together."

And again (page 702): "While the claims set up by the intervening defendant are not wholly consistent with each other, this affords no reason for dismissing one or all of them. Consistency between various claims asserted is not necessary under the new rules. Rule 8(e) (2) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c."

It is contended by the moving party, however, that the Rule is in contravention of the so-called Conformity Act, R.S. § 914, 28 U.S.C.A. § 724, which reads: "§ 724. *Conformity to practice in State courts.* The practice, pleadings, and forms and modes of proceeding in civil causes, other than equity and admiralty causes, in the district courts, shall conform, as near as may be, to the practice, pleadings, and forms and modes of proceeding existing at the time in like causes in the courts of record of the State within which such district courts are held, any rule of court to the contrary notwithstanding."

Rules promulgated by the Supreme Court have the force of law, unless in contravention of Federal Statutes. American Graphophone Co. v. National Phonograph Co., C.C., 127 F. 349, 350.

There is grave doubt in my mind that this Court has the power to declare a rule adopted by the Supreme Court of the United States to be in contravention of a statute in force at the time of the adoption of the rules. I must assume that the Supreme Court had the provisions of the Conformity Act in mind at the time the rules of procedure for this Court were considered and adopted; that the Supreme Court was perfectly cognizant of the then prevailing practice in many states disallowing counterclaims in assumpsit against an original claim grounded in a tort; wherefore, the final adoption of Rule 13 is tantamount in my opinion to a declaration by our highest court that the Rule does not violate the Conformity Act. By such implied declaration I consider myself bound, and must decline to hold that Rule 13 becomes inoperative because irreconcilable with the Conformity Act.

It must be noted also that the Conformity Act lays down no rigid and immutable rule. It has been held time and again that, in view of the phrase "as near as may be" appearing in the Statute, the state practice or procedure may be disregarded where adherence thereto would unwisely encumber the administration of the law. See cases collected under 28 U.S.C.A. § 724, note 8, and 28 U.S.C.A. § 731, note 3. Moreover, the Supreme Court has said in Shepard v. Adams, 168 U.S. 618, 18 S.Ct. 214, 216, 42 L.Ed. 602: "We think it is sufficiently made to appear, by these citations from the statutes, that while it was the purpose of congress to bring about a general uniformity in federal and

410

state proceedings in civil cases, and to confer upon suitors in courts of the United States the advantage of remedies provided by state legislation, yet that it was also the intention to reach such uniformity often largely through the discretion of the federal courts, exercised in the form of general rules, adopted from time to time, and so regulating their own practice as may be necessary or convenient for the advancement of justice and the prevention of delays in proceedings."

In Indianapolis & St. L. R. Co. v. Horst, 93 U.S. 291, 300, 23 L.Ed. 898, it was said: "The conformity is required to be 'as near as may be,' not as near as may be possible, or as near as may be practicable. This indefiniteness may have been suggested by a purpose; it devolved upon the judges to be affected the duty of construing and deciding, and gave them the power to reject, as Congress doubtless expected they would do, any subordinate provision in such state statutes which, in their judgment, would unwisely incumber the administration of the law, or tend to defeat the ends of justice, in their tribunals."

■■■ The language just quoted makes it perfectly evident that it was never the intent of the framers of the Conformity Act to bar the Supreme Court from making wise modifications or alterations in Federal procedure, by rules of universal application in all the District Courts, notwithstanding that state rules might differ. Indeed, it is apparent that a literal and rigorous construction of the words of the Conformity Act would operate to bar the Federal Courts from adopting any rule of procedure treating of a subject also dealt with by the state courts, unless all the state courts were governed by the same rule. This reductio ad absurdum demonstrates the wisdom of the courts in construing the words of the Conformity Act "as near as may be" to leave a permissible latitude within the limits of which state rules of practice, pleading and procedure may be disregarded in the interest of the better administration of the law, to the extent shown by the authorities cited.

■■■ It is true that while Equity Rule 30, 28 U.S.C.A. following section 723, dealing with counterclaims, was in force, prior to the adoption of the new Rules, the state rule with regard to the propriety of counterclaims of various kinds was almost universally adhered to in the Federal Courts.

This can be explained, however, by the difference of opinion existing in the Federal Courts as to the construction of Equity Rule 30, and the conflicting decisions as to the permissibility of counterclaims thereunder. See cases collected under Equity rules, Note 472, 28 U.S.C.A. following section 723. As already stated, however, there is no ambiguity in Rule 13 of the new Rules; and that Rule must be held to prevail over any inconsistent state rule.

It has been said in Jeffrey-Nichols Motor Co. v. Hupp Motor Car Corporation, D.C., 41 F.2d 767, 769, that Federal Rules of Court where conflicting with state practice are controlling: "So far as the provisions of the Judicial Code and the rules of this court are in conflict with the state practice, the former must control, notwithstanding the Conformity Act (28 U.S.C.A. § 724). Hill v. Walker, supra [8 Cir., 167 F. 241]; Munter v. Weil Corset Co., Inc., 261 U.S. 276, 43 S.Ct. 347, 67 L.Ed. 652."

And in Moore v. Illinois Cent. R. Co., D.C., 24 F.Supp. 731—a case arising under the new Rules—it was similarly held that those Rules prevail over inconsistent state rules. The Court said (page 733):

"However, this question having arisen since the federal rules of civil procedure became effective, the statutes of Mississippi are not controlling. The federal rules of civil procedure control in this court with reference to pleadings. * * * * * * *

"Mississippi practice, as hereinbefore shown, was one of liberal amendments, but even in those states where there is a restrictive state practice these federal rules supersede, and the federal courts are no longer obliged to follow any restrictive practice of procedure of the state,— Moore's Federal Practice, page 800 and the authorities therein cited.

"The entire spirit of all the rules as adopted is to the effect that controversies shall be decided upon the merits. The very first rule provides that they shall be construed to secure the just, speedy and inexpensive determination of every action. Rules 7 to 14, inclusive, 28 U.S.C.A. following section 723c, deal particularly with pleadings both of the plaintiff and the defendant, and it is not difficult to reach the conclusion that their purpose is to insure a fair trial upon the merits without unreasonable delay and to place upon counsel representing a party much responsibility."

I hold, therefore, that under the provisions of Rule 13 of the Federal Rules of Civil Procedure a defendant in a suit arising out of an alleged tort may state as a counterclaim a claim arising out of an assumpsit; and that, accordingly, the counterclaim in the instant case is proper.

And now, to wit, the 30th day of August, 1939, the motion to strike the counterclaim from the answer is denied.