CHESHIRE et ux. v. CAR & GENERAL INS. CORPORATION et al.

COLCLASURE et ux. v. SAME.

STANFIELD et ux. v. SAME.

Civil Actions Nos. 1261, 1262, 1265.

District Court, W. D. Louisiana, Shreveport Division.

April 19, 1945.

A. S. Drew, of Minden, La., for plaintiffs Cheshire and Colclasure.

Campbell & Campbell, of Minden, La., for plaintiffs Stanfield.

E. W. & P. N. Browne, of Shreveport, La., for defendant.

DAWKINS, District Judge.

In all three of the above cases the issues involved were identical with those

construed by the judges of this court in Williams v. James, 34 F.Supp. 61, by Judge Porterie, and Andrus v. Younger Bros., 49 F.Supp. 499, by the writer of this memorandum. Motions to quash service and to dismiss for lack of jurisdiction and venue of this court were submitted together. Counsel for defendant frankly admit that if we follow the cases just cited their motions must be overruled. However, they cite and insist upon other respectable authorities which they claim hold to the contrary.

█ I shall not recite or discuss the cases, rules, etc., upon which our conclusions rested, but confine this memorandum to the authorities which counsel contend justifies the reversal of our views. As indicated in the Andrus v. Younger Bros. case, the writer based his conclusion mainly on the provisions of Rule 4(f) of Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and the view that the issue involved procedure only and not the substantive law of jurisdiction and venue. In the present cases the collision out of which the suits grew is alleged to have happened in this district, while the defendant, Liability Insurance Company, is a non-resident of the state, which had appointed as its statutory agent the Secretary of State, whose official domicile is in the Eastern District of Louisiana and upon whom service was made by the marshal of that district.

The following cases cited by defendant were all before the effective date of the Federal Rules of Civil Procedure of 1938: Toland v. Sprague, 12 Pet. 300, 9 L.Ed. 1093; Munter v. Weil Corset Co., 261 U.S. 276, 43 S.Ct. 347, 67 L.Ed. 652; Robertson v. Railroad Labor Board, 268 U.S. 619, 45 S.Ct. 621, 69 L.Ed. 1119; Employers Reinsurance Corp. v. Bryant, 299 U.S. 374, 57 S.Ct. 273, 277, 81 L.Ed. 289.

While some of the expressions therein contained seem to justify the conclusion that had those courts been dealing with the matter now under consideration, they would have held that the issues of jurisdiction and venue were involved, which the new rules specifically declare shall not be affected thereby. However, I am still of the view that the reasoning and authorities relied on by this court for a contrary ruling are sound, and it is therefore unnecessary to discuss or analyze those cases which antedated the adoption of the Rules of Civil Procedure.

In Junk v. R. J. Reynolds Tobacco Co., D.C., 24 F.Supp. 716, while the decision was handed down on September 30, 1938, after the rules had gone into effect on September 1st, no mention is made of Rule 4(f), but the court cites and relies on cases all decided before the effective date of those rules, particularly Adair v. Employers' Reinsurance Corp., D.C., 10 F.Supp. 725.

Melekov v. Collins, D.C., 30 F.Supp. 159, by Judge McCormack, Southern District of California, deals specifically with Rule 4(f), relied on by plaintiff there. The action was one in personam for damages arising from acts "all averred to have been committed in the state of Oklahoma"; but plaintiff had lived and brought his suit in the Southern District of California and service was made on one of the defendants, Edgar S. Vaught, alleged to be a non-resident of California, in San Francisco, in the Northern District of that state. The court cited and relied on authorities, including decisions of the Supreme Court, all antedating the new rules except Gibbs v. Emerson Electric Mfg. Co., D.C., 29 F.Supp. 810. His decision turned upon the proposition that to hold Rule 4(f) applicable in the circumstances of that case, would be to go counter to the limitations both of the Act of 1934, 28 U.S.C.A. § 723b, empowering the Supreme Court to adopt the rules, confining them to matters which "shall neither abridge, enlarge, nor modify the substantive rights of any litigants," and the provisions of Rule 82, which declares that "these rules shall not be construed to extend or limit the jurisdiction of the district courts of the United States or the venue of actions therein." In the Melekov case the only basis for jurisdiction was that Vaught happened to be in the Northern District of California, and who, if sued and served while there, being a non-resident, would have subjected him to the power of that court, whereas, he had not gone into the Southern District, whose jurisdiction, from the standpoint of substantive law, unaided by the element of consent, which, can, of course, be given so far as personal jurisdiction is concerned, was limited to its territorial borders. Here, however, we have a different case, where the defendant insurance company, in compliance with state law, has filed its consent to be sued anywhere in the state for causes of action growing out of business done or acts committed by its insured. So, it would seem, we have the ideal situation and per-

haps one of the principal types of cases contemplated by Rule 4(f), that is, those where actions arising in a proper district court and over which, in addition, it has jurisdiction because of diversity of citizenship or otherwise, suits may be prosecuted there through service made in another district of the same state.

Carby v. Graco, D.C., 31 F.Supp. 251, 254 arose out of an automobile accident which happened in the Western District of Kentucky and was brought under a state statute similar to those enacted in many of the states, making the owners and operators on the highways of the state, even those citizens resident of other states, subject to suit for such damages in the jurisdiction where the accident happened, through service upon the Secretary of State. Judge Miller of the Western District of Kentucky held that he had no jurisdiction, notwithstanding the accident had happened there and the state statute, similar to those applying to corporations doing business in the state, declared in substance that by using the highways, the owners and operators of such vehicles should be held to have consented to being sued for injuries inflicted there, through service upon the Secretary of State. While I am constrained to disagree with this decision, in so far as the present defendant is concerned, defendant here, under the provisions of a Louisiana statute, has been sued without making the owner or operator of the automobile a party, and had previously filed its express consent to obtain the right to do business here. This was pursuant to a state law, which it has been held, has the effect of a "voluntary consent" to be sued anywhere in the state where liability arises, and to now object to this being done amounts to an effort to withdraw, pro tanto, that consent after the accident for which it agreed to assume responsibility has happened. Having given its consent, the same could not be withdrawn and the only thing necessary was to have service of process. This, Rule 4(f) has provided by authorizing the service upon the Secretary of State.

In Richard v. Franklin County Distilling Co., D.C., 38 F.Supp. 513, there was no formal written consent to being sued by National Distilling Products Corporation, as the price of doing business in the state, or at least it was not mentioned. In cases like the present it is my view that compliance with the state statute in order to do business in the state, has the same effect as if the corporation had filed in each and every state and federal district waiver of venue and jurisdiction and consented to be sued therein. See Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437.

The remaining cases relied on by defendant are similar to those discussed and need not be reviewed. It is sufficient to say that after careful examination of all the authorities relied on by defendant I am still convinced that the rulings in the Williams and Andrus cases were correct.

Proper decrees to be entered.