MONTGOMERY WARD & CO. v. BUER.

No. 11147.

United States Court of Appeals
Sixth Circuit.

Jan. 22, 1951.

Henry L. Burkitt, New York City, Charles S. Adams, Covington, Ky., Henry L. Burkitt and Percy Freeman, New York City, for appellant.

Truman A. Herron, Cincinnati, Ohio, Truman A. Herron, Judson J. Allgood, and John C. McCarthy, all of Cincinnati, Ohio, on brief; Wood, Arey, Herron & Evans, Cincinnati, Ohio, of counsel, for appellee.

Before HICKS, Chief Judge, and MARTIN and McALLISTER, Circuit Judges.

HICKS, Chief Judge.

Plaintiff-appellee brought suit against defendant-appellant for infringement of Patent No. 2,371,472 issued March 13, 1945, to Arthur George Ruff and appellee Buer for a cart. Ruff assigned his interest in the patent to appellee on October 21, 1947, and appellee brought suit on February 9, 1948.

After the issues had been made up and the trial had proceeded until the close of appellee's evidence, appellant entered a motion to dismiss on jurisdictional grounds. The substance of the motion was that the court was without jurisdiction because the sale by appellant of a cart relied upon by appellee as the basis for infringement was not completed within the Eastern District of Kentucky where the action was instituted. We find it necessary to go no further with this motion than to say that it did not involve a question of jurisdiction. The district courts of course have jurisdiction of all suits at law or in equity arising under the patent laws. Title 28, U.S.C. Ch. 2, Sec. 41, Par. (7).[1]

The motion attacked the venue and it came too late. An objection that the complaint is filed in the wrong district is waived unless it is taken before the entry of a general appearance and before some other defense upon the law or facts is set up. Munter v. Weil Corset Co., 261 U.S. 276, 279, 43 S.Ct. 347, 67 L.Ed. 652; Lowther v. New York Life Ins. Co., 3 Cir., 278 F. 405, 407; Rule 12(b), Rules of Civil Procedure, 28 U.S.C.A.

Appellant's principal defense was lack of invention. This brings us to a consideration of the patent.

The patent is not a primary one. According to its specifications it relates to improvements in push carts adapted to be used in carrying groceries and other articles. Its principal objects are to provide a collapsible cart which may be disposed of in small storage space when not in use and which can be pushed with ease and has a capacity for quite a number of articles, and which may be constructed entirely of wood, thus economizing on scarce materials, such as metal.

Claims 2 and 3, both combination claims, were in issue. Typical claim 2 is printed in the margin.[2]

The combination described in claim 2 may be readily resolved into two sets of elements,—

A. A circumferential continuous body forming openings at its top and bottom, said body member comprising (1) front and back sections, between which are disposed two side sections connected to each other and connected respectively to said front and back sections where said side sections are adapted to fold inwardly and enable the front sections to be disposed proximately to said back section, and when disposed in a position normal to said front and back sections to fix the distance be-

1. 1948 Revised Judicial Code, 28 U.S.C.A. § 1338.

2. "2. In a carrier of the class described, the combination of a circumferentially continuous body member forming openings at its top and bottom, said body member comprising front and back sections, between which are disposed side sections connected to each other and connected respectively to said front and back sections whereby said side sections are adapted to fold inwardly and enable the front section to be disposed proximate said back section and when disposed in a position normal to said front and back sections to fix the distance between said sections, handle means secured to and extending upwardly from said back section, an axle, supporting wheels carried by said axle, means mounting said axle on said body member proximate the lower edge of said back section, a bottom disposed within said body member between said front and back sections for spreading and spacing the same from each other, and hinge means mounting said bottom for movement to and from a position parallel to the axis of said body member."

tween said sections; (2) a bottom disposed within said body member between said front and back sections for spreading and spacing the same from each other; and (3) a hinged means mounting said bottom for movement to and from a position parallel to the axis of said body member.

B. (1) Handle means secured to and extending upwardly from said back section; (2) an axle supporting wheels carried by said axle; and (3) means mounting said axle on said body member proximate to the lower edge of said back section.

It is clear enough that the elements in combination set out in group A have no inter-action or inter-relation whatever with those set out in group B. See Kelley-Koett Mfg. Co. v. McEuen, 6 Cir., 130 F.2d 488, 490; Sands Mfg. Co. v. Smith, 6 Cir., 53 F.2d 459, 461. The side sections of the container consist of panels instead of solid sides connected to each other and to the front and back sections respectively, by hinges, and the bottom of the container is likewise so connected. The panels and hinges provide a collapsible container and this alone. The combination provided in group B, i. e., the handle and the wheels on the axle attached to the bottom of the container provide transportation only.

The two groups of elements do not limit or modify each other. Each group has totally independent functioning. Handles, wheels on axles, paneled walls or sides and hinges are all old. Each group of these elements in its own combination produces exactly the same results as they have always produced and nothing more. In the general combination set out in the claim no new function is evolved and no new results achieved. See Grinnell Washing Mach. Co. v. E. E. Johnson Co., 247 U.S. 426, 38 S.Ct. 547, 62 L.Ed. 1196; see also Hug v. Lakewood Engineering Co., 6 Cir., 7 F.2d 98.

 Appellee has no doubt produced a more acceptable container for use in transporting groceries and other articles, but this has been accomplished by assembling old elements which act independently of each other. This is not invention. The most that can be said for appellee is that

probably her patent was an improvement over the prior art patent to Richie, No. 1,554,034—1925, which was for a parcel carrier in the nature of a cart mounted on wheels and pushed by a handle. In Richie, the container was of collapsible fabric rather than of paneled wood. In view of Richie, appellee's cart was nothing more than might have been produced by a skilled mechanic. See Condit v. Jackson Corset Co., 6 Cir., 35 F.2d 4, 6.

If after the hearing on November 29th last, any doubt remained as to the correct result it is entirely cleared away by the opinion in the Great Atlantic & Pacific Tea Co. v. Supermarket Corp., 340 U.S. 147, 71 S.Ct. 127.

 Appellee points to the commercial success of her patent, but commercial success does not add strength to or render valid a patent otherwise invalid.

The decree is reversed and the complaint dismissed.