### HIDALGO v. FIDELITY & CASUALTY CO. OF NEW YORK.
#### Civ. No. 3517.

United States District Court
W. D. Louisiana, Opelousas Division.
April 17, 1952.

Dubuisson & Dubisson, Opelousas, La., for plaintiff.

Christovich & Kearney, New Orleans, La., for defendant.

DAWKINS, Chief Judge.

Plaintiff, a citizen of Louisiana, sued in this court Fidelity and Casualty Company of New York, created under the laws of that state, for injuries alleged to have been received while a guest in an automobile belonging to L. H. Crawford, a citizen and resident of the Eastern District of Louisiana, as the insurer of the said Crawford. The complaint alleges that the accident happened in the State of Alabama.

Defendant has moved to dismiss the case, first, upon the ground that it should have been brought in the Eastern District, at the domicile of Crawford and of the Secretary of State, statutory agent for service on the defendant. Since the direct action statute of the State, LSA-R.S. 22:-655, restricts its use to the parish wherein the accident happened, defendant claims it can have no application to a case which arose in another state.

■. As between litigants of diverse citizenship, the federal Constitution and statutes, and not the laws of the State, control the jurisdiction and venue of the federal courts. A transitory action such as this, generally speaking, may be brought at either the domicile of the plaintiff or the defendant. See Section 1391, Title 28, U.S.C.; Munter v. Weil Corset Company, Inc., 261 U.S. 276, 43 S.Ct. 347, 67 L.Ed. 652. The chief difficulty confronting such a plaintiff when suing in his own district is that of obtaining valid service upon his adversary. No exception or objection to the nature of the service in this case has been made.

While the insurance policy here contains the "no action" clause, counsel for defendant concedes that it would be "negated" by a further provision to the effect that "Terms of this policy which are in conflict with the statutes of the State wherein this policy is issued are hereby amended to conform to such statutes", and if the direct action statute of this state applies, then he could not insist upon his client's being relieved from this suit on the grounds of Bish v. Employers' Liability Assurance Corporation, Ltd., D.C., 102 F.Supp. 343, and Bayard v. Traders & General Insurance Company, D.C., 99 F. Supp. 343. He seems to rest solely upon the contention that since the direct action is statutory and expressly limits its provisions to suits brought in the parish where the accident happened, when that element is lacking, the whole law must fail.

 Of course, both the existence and nature of the cause of action in this case must be determined by the law of Alabama, where it arose, regardless of where the suit is brought. If that state had had no tort actions, then the plaintiff would have been without recourse, even against the owner or driver of the car. This court, having found that the direct action statute creates a substantive right or new cause of action against liability insurance companies, different from what they undertake in their policies and is therefore substantive legislation, to hold that it could be used in the circumstances of this case would be to give it far wider operation than has been attempted in those instances where the accident happened in the State of Louisiana.

Therefore, applying the rule of strict construction to direct action statute, it is not believed this suit can be maintained in this court.