**Gladney MELANCON, Plaintiff,**

v.

**TRAVELERS INSURANCE COMPANY and C. F. Bean, d/b/a C. F. Bean Dredging Company, Defendants.**

**Civ. A. No. 8651.**

United States District Court
W. D. Louisiana,
Lafayette Division.

Aug. 17, 1962.

Domengeaux & Wright, Bob F. Wright, Lafayette, La., for plaintiff.

Davidson, Meaux, Onebana & Donohoe, James E. Diaz, Lafayette, La., for defendant, Travelers Ins. Co.

George A. Frilot, III, Lemle & Kelleher, New Orleans, La., for defendant, C. F. Bean d/b/a C. F. Bean Dredging Co.

PUTNAM, District Judge.

Alleging that personal injuries were sustained by him while working on a dredging barge owned by C. F. Bean, plaintiff has filed this suit against the liability insurer of his employer under the Direct Action Statute of Louisiana. (LSA–R.S. 22:655) The complaint is laid under the Jones Act for negligence and the general maritime law for unseaworthiness of the vessel in question seeking a total of $150,000 in damages, and for maintenance and cure.

From the record and pleadings it is established that the accident occurred in St. Mary Parish, Louisiana on October 26, 1957. Suit was filed against Travelers on August 8, 1958 in the Eastern District of Louisiana and subsequently transferred to this court. On May 25, 1962, after pretrial procedures had been carried out and the trial set for August 15th, Melancon moved to add C. F. Bean, doing business as C. F. Bean Dredging Company, his former employer, as a party defendant.

At the second pretrial conference held on August 12, it was admitted that the policy of insurance issued by Travelers to Bean has a limit of liability of $50,000; that it covers the claims for unseaworthiness and for damages under the Jones Act (46 U.S.C.A. § 688); that it does not cover liability for maintenance and cure.

On June 28, 1962, defendant Bean moved to dismiss on grounds that under Louisiana law and the express provisions of the Jones Act, plaintiff's claims are barred by the prescription of three years, and as to the claims for unseaworthiness and maintenance and cure, using the Jones Act as the appropriate Statute of Reference, such claims are barred by laches, for all amounts in excess of the policy limits of $50,000. He prays for dismissal of the action against him "insofar as it applies to any liability exceeding the obligation stated in the Travelers Insurance Company's policy."

The motion is based upon the theory that although Bean and Travelers are co-debtors in solido, the solidarity of the obligation extends only to $50,000, the policy limit, and Article 2097 of the LSA–Civil Code providing for the interruption of prescription against all of the debtors in solido by filing of a suit against any one of them, does not apply to that portion of the claim for damages above the policy limits, as to which they are not co-debtors in solido. (In the civil law, liability "in solido" or "solidary liability" is similar to the joint and several obligation known to the common law.)

The following articles of the LSA–Civil Code are pertinent to this discussion:

"Art. 2091. There is an obligation in solido on the part of the debtors, when they are all obliged to the same thing, so that each may be compelled for the whole, and when the payment which is made by one of them, exonerates the others toward the creditor."

"Art. 2092. The obligation may be in solido, although one of the debtors be obliged differently from the other to the payment of one and the same thing; for instance, if the one be but conditionally bound, whilst the engagement of the other is pure and simple, or if the one is allowed a term which is not granted to the other."

"Art. 2093. An obligation in solido is not presumed; it must be expressly stipulated.

"This rule ceases to prevail only in cases where an obligation in solido takes place of right by virtue of some provisions of the law."

"Art. 2094. The creditor of an obligation contracted in solido may apply to any one of the debtors he pleases, without the debtors' having a right to plead the benefit of division."

"Art. 2095. A suit brought against one of the debtors does not bar the creditor from bringing suits on the same account against the others."

"Art. 2097. A suit brought against one of the debtors in solido interrupts prescription with regard to all."

From the foregoing it will readily be seen that under the civil law concept of solidarity the creditor can look to either debtor for payment of the whole, may prosecute his remedy against them jointly or separately, and that the filing of a suit against one co-debtor has the effect of interrupting the current of prescription as to the remaining debtors so that, if the debt is not wholly satisfied by the first suit, his remedy against the others is preserved. The debtor so selected for suit may urge all defenses available to him resulting from the nature of the obligation, those personal to himself, and those common to all the co-debtors. He cannot plead defenses which are merely personal to one of the other co-debtors. LSA–C.C. Art. 2098.

Defendant Bean calls the attention of the Court to the recent decision of Martin v. Mud Supply Company, 239 La. 616, 119 So.2d 484 (La.S.Ct.1959), wherein it was held that the filing of a suit against the employer of the tort feasor resulting in a finding that there was no legal responsibility for the employees tort, did not interrupt prescription against the insurer of the tort feasor-employee, neither of whom was made defendant until after prescription had accrued. The Court correctly held that there was no interruption of prescription, as there was no solidarity of the obligation to pay, and said further that mere knowledge of the suit, in the absence of fraud or artifice on the part of the defendant, was likewise insuffi-

cient to stop running of the liberative period. This decision has since been followed in Borey v. Rood, 140 So.2d 158 (La.App.1962).

■ It is our opinion that the Martin and Borey cases, supra, are not apposite. There was no semblance of a solidary obligation between the alleged co-debtors in these cases, whereas here Melancon sues for the full amount of his damages against Travelers under the Jones Act and for unseaworthiness, and, by virtue of its obligation to Bean under its contract of insurance, that company is liable in solido with Bean to pay for all such damages subject only to the contractual limit of $50,000. Nor is the solidary nature of the obligation *created* by the Direct Action Statute of the state, it flows from the engagements of the policy. Hidalgo v. Dupuy, 122 So.2d 639 (La. App.1960). Finn v. Employers Liability Assurance Corporation, 141 So.2d 852 (La.App.1962).

In Hidalgo, supra, suit was first brought against Dupuy's insurer under the Direct Action Statute in the United States District Court for the Western District of Louisiana, for damages sustained in an accident which took place in the State of Alabama. Because the statute itself limits its application to matters occurring in Louisiana, the suit was dismissed by the Honorable Benjamin C. Dawkins, then presiding, under the policy provisions providing that no action could be brought against the insurer before final judgment had been obtained against the insured. (D.C., 104 F.Supp. 230). Plaintiff then filed suit against the insured in the State Court and was met by a plea of prescription of one year, which had long since accrued. Finding that the suit against the insurer interrupted prescription against the insured, the First Circuit Court of Appeal of Louisiana cited LSA–C.C. Art. 2091, Supra, and found that the Direct Action Statute "does not convert into a solidary liability the obligation of the insurer to pay the damages for which the insured may be cast, *for by virtue of the contract it is already such.*"

(122 So.2d 639, 644. Emphasis supplied.)

Making specific reference to the "No action" clause contained in the policy of insurance, the Court further made this significant observation:

"Although the obligation of the insurer to pay to the injured person the same damages for which the insured is cast is conditioned upon the injured person first obtaining judgment against the insured, *the obligation of the insurer and the insured to the injured person is nevertheless solidary.* For, as LSA–C.C. Art. 2092 provides: 'The obligation may be in solido, although one of the debtors be obliged differently from the other to the payment of one and the same thing; for instance, if the one be but conditionally bound, whilst the engagement of the other is pure and simple, or if the one is allowed a term which is not granted to the other.'" (122 So.2d 639, 644.)

Thus do we see one instance of a condition or term given or allowed to one co-debtor and not to the other, fixed by the contract itself.

■ It cannot be disputed that the ordinary and usual civil law concept of solidarity brings to mind first, that there is a unity of object or purpose as between the debtors in relation to the creditor, and second, that each one is bound for the whole of the debt. But defendant's argument, that unless they are each bound for the whole of the debt there is no obligation in solido, is in our opinion, untenable. If this were true, there would be no possibility of a solidary obligation as between insurer and insured in any case where liability exceeds the policy limits, and it would be extremely doubtful if there were any liability in solido at all. That there is such is clear from the undertaking itself. Hidalgo v. Dupuy, supra.

In LSA–R.S. 22:655, legislative recognition of the solidarity of the obligation owed by these defendants to plaintiff is found in the following language of the Act:

"The injured person * * * shall have a right of direct action against the insurer * * * and said action may be brought against the insurer alone or against both the insured and insurer, *jointly and in solido.* * * *" (Emphasis supplied.)

Again, referring to the restrictive conditions of the policy, the act provides:

"It is the intent of this Section that any action brought hereunder *shall be subject to all of the lawful conditions of the policy or contract* and the defenses which could be urged by the insurer to a direct action brought by the insured, provided the terms and conditions of such policy or contracts are not in violation of the laws of this state." (Emphasis supplied.)

■ As between Melancon and the two debtors, we find that both are obligated to him for the same thing, i. e., payment of any awards that may be due by virtue of negligence on the part of his employer (under the Jones Act), or by virtue of the unseaworthiness of the vessel, provided, of course, it is found to be such. There is, therefore, a complete unity of object or purpose, and each would be bound for the whole debt except for the restrictive limitations imposed upon the obligation of Travelers as to amount. That such conditions are permissible is clear from Article 2092 of the Revised Civil Code, quoted in full at the outset of this opinion. The defendant Travelers stands as a co-debtor in solido with Bean within the meaning and intent of LSA–Civil Code Articles 2091, 2092 and 2097.

The latter article states unequivocally that suit against any one of the debtors interrupts prescription as to all. Article 2094 gives the creditor the right to apply to any one of the debtors he pleases, and 2095 recognizes his right to sue the remaining debtors successively if he so chooses. There is no distinction contemplated between the debtors which

would require a plaintiff to sue one before the other, whether or not the liability of one may be different by virtue of such conditions or terms from that of the others. We are told that this interruption of prescription takes place by virtue of a mutuality of representation to the creditor which exists between the debtors because of the peculiar nature of their relationship. See Planiol, Traité Élémentaire de Droit Civil, Vol. 2, p. 403 et sequitur.

As we have seen, a co-debtor in solido may plead all common defenses as well as those "personal to him only" under Article 2098 of the LSA–Civil Code. This article concludes with the following sentence: "He can not plead such exceptions as are merely personal to some of the other codebtors." This is exactly what defendant Bean seeks to do in this motion under the guise of a plea of prescription. If there is any doubt that the limited obligation in solido applying to Travelers under the terms of the insurance policy issued by it is a personal defense or "exception", it is dispelled by Planiol, Vol. 2, Nos. 742, 765. With reference to Article 1208 of the Code Napoleon, of which our own Article 2098 is a literal translation, this learned commentator says:

"No. 765. Exceptions are personal when they appertain to a single one of the co-debtors, or to several but not to all. Such are:

"(1) . . . . . . . . . . .

"(2) *Restrictive clauses* (term not arrived, condition still pendant) *which do not affect the engagements of all.*

"(3) . . . . . . . . . . . ."

It is the conclusion of the Court, therefore, that defendants Travelers and Bean are co-debtors in solido and that the filing of the suit against Travelers interrupted the running of prescription as to Bean with reference to the claims arising under the Jones Act and for unseaworthiness, for all liability that may be found due plaintiff, whether in excess of the policy limits or not. Hidalgo v. Dupuy, supra, Sewell v. Newton, 152 So. 389 (Orl.App.1934). Nor can it be said that by suing Travelers directly in the first instance plaintiff waived or abandoned its claim to excess liability against Bean. Finn v. Employers Liability Assurance Corp., 141 So.2d 852, 866. (La.App. 1962)

*Maintenance and Cure*

■■ The claim for maintenance and cure not being covered by Travelers' policy of insurance, there has been no interruption of prescription on this score by the suit before us. Whether or not the Seaman's claim for maintenance and cure should be barred by laches is a matter within sound judicial discretion, but it should appear that there has been an unreasonable delay, and defendant has been prejudiced thereby. In McAllister v. Magnolia Petroleum Company, 357 U.S. 221, 78 S.Ct. 1201, 2 L.Ed.2d 1272, it was held that the proper statute with respect to limitation of actions under general maritime law when coupled with suit under the Jones Act, is the three-year period under that statute, at least insofar as the demand for damages resulting from unseaworthiness is concerned. The delay in the present case of some four and one-half years after the accident at first blush would seem unreasonable, and under well settled principles prejudice would be presumed. See Norris, Maritime Personal Injuries, p. 199, § 72, et sequitur.

Actually, however, the witnesses to the injury are still available for testimony, the claim has been investigated by defendant Travelers, we assume in the customary manner, and the medical evidence seems to be complete from disclosures made at pretrial conferences and stipulations. There is no reason why Bean should not have the benefit of this information, and the Court is reluctant to hold at this time that plaintiff's rights to maintenance and cure should be so barred. The plea of laches is likewise denied.

Judgment should be and is hereby rendered in favor of plaintiff, Gladney Melancon, and against defendant, C. F. Bean,

denying the motion to dismiss filed by him on June 26, 1962. No formal decree need be submitted for signature.

Defendant Bean also filed an alternative motion to upset the fixing of the trial date on August 15, 1962. This motion has been granted.