946 So.2d 230 (2006)
Maxwell MONTRELL
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and Paula Engnath.
No. 2006-CA-0054.
Court of Appeal of Louisiana, Fourth Circuit.
November 21, 2006.
*231 Melvin N. Cade, Louis A. Gerdes, Jr., New Orleans, LA, for Plaintiff/Appellee.
Lindsay A. Larson III, David A. Strauss, Christian A. Garbett, King, Leblanc and Bland, P.L.L.C., New Orleans, LA, for Defendant/Appellant.
(Court composed of Judge MICHAEL E. KIRBY, Judge TERRI F. LOVE, Judge DAVID S. GORBATY).
MICHAEL E. KIRBY, Judge.
State Farm Mutual Automobile Insurance Company ("State Farm"), seeks reversal of the trial court's judgment that awarded the plaintiff $1,915.00 in special damages and $5.000.00 in general damages. It is appealing on two bases. First, State Farm contends it should have been dismissed because it is not subject to a direct action under Louisiana's Direct Action Statute. Second, it contends that the trial court erred in awarding damages to the plaintiff for his pain and suffering.
FACTS
The plaintiff brought suit following an automobile collision on September 24, 2002 between himself and State Farm's insured, Paula Engnath. Following the accident, plaintiff claimed damages to both his body and vehicle; he was treated for these injuries for five months. A few months after the accident plaintiff was also treated for heroin addiction at Charity Hospital. During his rehabilitation and treatment plaintiff made no complaints about the injuries he sustained in the accident.
When the accident occurred Ms. Engnath gave her address and policy information to the plaintiff. The plaintiff requested that Ms. Engnath be served at this address. However, service attempted at this location was unsuccessful. The return indicated that Ms. Engnath was no longer residing there and that she had moved to LaPlace; no additional service information was provided. Following the unsuccessful attempt to serve Ms. Engnath, State Farm moved to dismiss her and itself. The trial court granted the motion as to Ms. Engnath but denied it as to State Farm finding it was amenable to suit under Louisiana's Direct Action Statute, La.R.S. 22:655.[1]
*232 DISCUSSION
In its first assignment of error, State Farm contends that the trial court erred in applying the Louisiana's Direct Action Statute to it in this case. Insofar as is here relevant, the statute provides that a plaintiff may sue an insurer directly if service of citation or other process cannot be made on the insured. La. R.S. § 22:655(B)(1)(c). State Farm asserts that plaintiff's single attempt to perfect service of process at the beginning of the litigation was insufficient to authorize plaintiff's direct action herein.
State Farm asserts that the standard for service of process is one of reasonable diligence. Harrison v. Lenoir, 745 So.2d 1191 (La.App. 1st Cir.1999). In Harrison, the First Circuit examined the standards for service of process on a defendant for a tax sale affecting his property. Id. The court ruled that the sheriff had served insufficient notice of the sale when he simply attempted to serve and service failed. Id. However, as the court specifically noted, a sale of one's property for nonpayment of taxes is something that affects the a property owner's rights under the Fourteenth Amendment's Due Process Clause. Id. at 1192. Therefore, the state must provide "notice reasonably calculated, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Id. While standards presented by Lenoir are legitimate, they are put in place to preserve the rights of property owner. The facts of that case are distinguished from the present matter. This is not a case regarding a potential loss of property for nonpayment of taxes. Unlike the circumstance in Lenoir, neither Ms. Engnath's property rights nor Constitutional issues were threatened by the inability to serve her.
Insurance is a contract that benefits a third party, and the Civil Code calls such a contract a stipulation pour autrui, or for a third party. La. C.C. art. 1978. The *233 Civil Code also recognizes that the stipulation gives the third party beneficiary the right to demand performance from the promisor. La. C.C. art. 1981. These are the underpinnings for the Louisiana Direct Action Statute.
The Louisiana Direct Action Statute, supra, has been held to create substantive rights and has a long history of interpretation. H. Alston Johnson, The Louisiana Direct Action Statute, 43 La.L.R. 1455, 1486 (1983); See also, Edwards v. Fidelity Casualty Co., 11 La.App. 176, 123 So. 162 (Orl.1929) and Hidalgo v. Fidelity Cas. Co. of N.Y., (W.D.La.1952), 104 F.Supp. 230, affirmed 205 F.2d 834.
More recently the Louisiana Supreme Court clarified that the direct action statute does not create an independent cause of action against an insurer, but merely grants a procedural right of action against an insurer where plaintiff has a substantive cause of action against insured. Descant v. Administrators of Tulane Educational Fund, Sup.1994, XXXX-XXXX (La.7/5/94) 639 So.2d 246.
Historically, the direct action statute made insurers imperfectly solidarily bound with the insured. H. Alston Johnson, supra, 43 La.L.R. at 1507. The obligation was considered imperfect because it arose when two or more persons are bound for the same debt, but from different sources. Since the obligation of the tortfeasor and insured here, to the victim (plaintiff) is delictual and that of the insurer is conventional, they can only be imperfectly bound. It is under the direct action statute that the insurer is liable to the claimant in solido with its insured. Rodriguez v. Louisiana Tank, Inc., 94-200 (La.App. 1 Cir. 6/23/95), 657 So.2d 1363. We recognize that it has been held that the release of the insured does not release the insurer, so long as rights are retained against the latter. See Cunningham v. Hardware Mutual Cas. Co., 228 So.2d 700 (La.App. 1st Cir.1969).
Allowing the injured party to maintain an action against the tort-feasor's insurer without first obtaining a judgment against the tort-feasor affects procedure, not substantive rights, and the application of the direct action statute does not impair obligation of contracts, violate full faith and credit clause nor deny insurer due process or equal protection. Bouis v. Aetna Cas. Sur. Co., 91 F.Supp. 954 (W.D.La. 1950).
Holding the insurer liable to the plaintiff does not contradict the direct action statute. Defendant's assertion that plaintiff did not make a sufficient effort to serve the insured is simply not a duty imposed by the direct action statute.[2] The insurer's right to notice was not violated by the lack of service on the insured and its conventional obligation is still in effect. Therefore this assignment has no merit.
State Farm's second assignment of error claims that the trial court inappropriately awarded damages to plaintiff for his medical bills and pain and suffering.
A trial court's determination as to whether testimony is credible or the plaintiff has met his/her burden of proof is a factual determination, and not to be disturbed unless clearly wrong or there is a *234 showing of manifest error. Fluitt v. Christus Health Center Louisiana, 935 So.2d 369 (La.App. 3rd Cir.2006).
Defendant contends that the trial court committed manifest error in awarding these damages to plaintiff because there is clear evidence that plaintiff did not experience any pain and suffering as a result of the accident. Defendant asserts that plaintiff is an unreliable witness regarding the extent of his pain and suffering due to his arrest record and his varying testimony regarding the facts of the accident. Appellee underwent treatment for his injuries resulting from the accident with Ms. Engnath from September 2002 until February 2003. Although he did admit to doctors that he was not experiencing any pain during his treatment, this finding was acknowledged by the trial court and is not a call for manifest error regarding any compensation for his medical bills or pain and suffering.
Although there may have been inconsistencies in the plaintiff's testimony, it does not appear that these inconsistencies rise to the level of finding that the trial court was clearly wrong or committed manifest error in awarding the plaintiff both medical expenses and general damages. The court granted medical expenses that were incurred by the plaintiff, as well as a general damages award of $5,000.00. This reasonable amount was based on the evidence provided and accepted by the trial court. Further, the amount was not too excessive as to result in manifest error on the part of the fact finding by the trial court.
For the aforementioned reasons, we affirm the trial court.
AFFIRMED.
NOTES
[1] A. No policy or contract of liability insurance shall be issued or delivered in this state, unless it contains provisions to the effect that the insolvency or bankruptcy of the insured shall not release the insurer from the payment of damages for injuries sustained or loss occasioned during the existence of the policy, and any judgment which may be rendered against the insured for which the insurer is liable which shall have become executory, shall be deemed prima facie evidence of the insolvency of the insured, and an action may thereafter be maintained within the terms and limits of the policy by the injured person, or his or her survivors, mentioned in Civil Code Art. 2315.1, or heirs against the insurer.

B. (1) The injured person or his or her survivors or heirs mentioned in Subsection A, at their option, shall have a right of direct action against the insurer within the terms and limits of the policy; and, such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido, in the parish in which the accident or injury occurred or in the parish in which an action could be brought against either the insured or the insurer under the general rules of venue prescribed by Code of Civil Procedure Art. 42 only. However, such action may be brought against the insurer alone only when:
(a) The insured has been adjudged a bankrupt by a court of competent jurisdiction or when proceedings to adjudge an insured a bankrupt have been commenced before a court of competent jurisdiction;
(b) The insured is insolvent;
(c) Service of citation or other process cannot be made on the insured;
(d) When the cause of action is for damages as a result of an offense or quasi-offense between children and their parents or between married persons;
(e) When the insurer is an uninsured motorist carrier; or
(f) The insured is deceased.
(2) This right of direct action shall exist whether or not the policy of insurance sued upon was written or delivered in the state of Louisiana and whether or not such policy contains a provision forbidding such direct action, provided the accident or injury occurred within the state of Louisiana. Nothing contained in this Section shall be construed to affect the provisions of the policy or contract if such provisions are not in violation of the laws of this state.
C. It is the intent of this Section that any action brought under the provisions of this Section shall be subject to all of the lawful conditions of the policy or contract and the defenses which could be urged by the insurer to a direct action brought by the insured, provided the terms and conditions of such policy or contract are not in violation of the laws of this state.
D. It is also the intent of this Section that all liability policies within their terms and limits are executed for the benefit of all injured persons and their survivors or heirs to whom the insured is liable; and, that it is the purpose of all liability policies to give protection and coverage to all insureds, whether they are named insured or additional insureds under the omnibus clause, for any legal liability said insured may have as or for a tort-feasor within the terms and limits of said policy.
[2] Indeed, in McAvey v. Lee 260 F.3d 359, 57 Fed.R.Evid. Serv 511 (C.A. 5 Cir. 7/25/01) judge (formerly Justice) Dennis wrote that the 1988 amendment to the direct action statute that restricted suits against only the insurer merely set forth a procedural joinder requirement. Thus the insurer may object to non-joinder of the insured and seek dismissal if he is not joined. However, he finds that this procedural joinder right is not a substantive condition precedent to the injured plaintiff's right, remedy, and judgment against the insurer under the direct action statute.