EDWARD HERNDON, APPELLANT, v. JAMES C. RIDGWAY, ERI RIDGWAY, WILLIAM H. GASQUE, AND HENRY DAVIS.

Where a bill was filed in the district court of the United States for the northern district of Mississippi, against four defendants, who all resided in Alabama, two of whom appeared for the purpose of moving to dismiss the bill, and the other two declined to appear altogether, nor was process served upon them, the court had no alternative but to dismiss the bill. The two absentees were essential parties.

Jurisdiction over parties is acquired only by a service of process, or their voluntary appearance. If an essential portion of the defendants resided in another State, so that process could not be served upon them, and they would not voluntarily appear, the bill must be dismissed for want of jurisdiction.

THIS was an appeal from the district court of the United States, for the northern district of Mississippi.

It was a bill filed by Herndon, under the circumstances stated in the opinion of the court, and which was dismissed by the court below.

The process against Davis was served upon Messrs. Dowd and Murphy, his attorneys. A motion was made to dismiss the bill for three reasons, the second of which was:—

"Because Henry Davis is not a citizen of the northern district of Mississippi, and Dowd and Murphy are not his attorneys of record in any of the courts of the United States, and have not instituted proceedings or suit therein against said Herndon, but are attorneys of record of said Davis, in the circuit court of Monroe county, Mississippi, a state court, as per affidavit on file." The affidavit was as follows:—

"In open court personally appeared Wm. F. Dowd, one of the firm of Dowd and Murphy, who made oath that Dowd and Murphy are not the attorneys of record of Henry Davis, and have not been, as such, to institute any suit in this court, or any one of the federal courts of the United States, against Edward Herndon, for the recovery of the property mentioned in the bill filed in this cause; but they, said Dowd and Murphy, are the attorneys of record of Henry Davis to prosecute a suit against said Herndon, in a State court, to wit: the circuit court of Monroe county, in the State of Mississippi.

"W. F. DOWD."

The district court dismissed the bill, and Herndon appealed to this court.

The case was argued by *Mr. Adams*, for the appellant, who contended that service upon the attorneys was sufficient; and by *Mr. Phillips*, for the appellees, who contended that it was not, and referred to 3 Bro. C. C. 521; 2 Cox. 389.

Mr. Justice CAMPBELL delivered the opinion of the court.

The plaintiff complains that, in 1849, he purchased from James C. Ridgway a number of slaves, for whom he gave his bond to the vendor; that this was transferred to E. T. Ridgway for the use of Wm. H. Gasque, and that a suit is pending in the district court of the United States for that district, to collect the sum due; that the slaves are in the possession of Wm. P. Givan, to whom he sold them with a warranty of the title. That one Davis claims the slaves under a title paramount to that derived from Ridgway, and had brought a suit for them in the stat court, which had proved ineffective, and now threatens to renew it. The object of the bill is to require the two Ridgways and Gasque, on the one part, and Davis, on the other, to interplead in the district court of the United States, to settle their right to the slaves, so that he may pay the purchase-money to the proper person. He alleges that the vendor, Ridgway, is insolvent.

The four defendants are citizens of Alabama. Notice of the motion for injunction was served on the attorneys for the plaintiff, in the suit in the district court, and upon the attorneys who prosecuted the suit against Givan for Davis in the state court. The attorneys for Davis disclaim any connection with him in this controversy, and move to dismiss the bill for want of jurisdiction. Gasque appears and demurs to the bill for the same cause, and no notice or appearance exists in the record for the vendor, Ridgway. The district court retained the bill twelve months, and then dismissed it on these motions.

The jurisdiction of the district court over parties is acquired only by a service of process, or their voluntary appearance. It has no authority to issue process to another State. In the present case, the absent defendants decline to appear, and process cannot be served, so that the court is without any jurisdiction over the essential parties to the bill. There was no course open to it, except to dismiss it for the want of jurisdiction, upon the motions submitted for that object. Toland *v*. Sprague, 12 Pet. 300.

There is no error in the record, and the decree is affirmed.

### Order.

This cause came on to be heard on the transcript of the record from the district court of the United States for the northern district of Mississippi, and was argued by counsel. On consideration whereof it is now here ordered, adjudged, and decreed by this court that the decree of the said district court in this cause be and the same is hereby affirmed, with costs.