ORANGE THEATRE CORPORATION v.
RAYHERSTZ AMUSEMENT COR-
PORATION et al.

No. 8368.

Circuit Court of Appeals, Third Circuit.
Argued Oct. 19, 1943.
Decided Jan. 10, 1944.

Israel B. Greene, of Newark, N. J., for appellant.

Joseph Steiner, of Newark, N. J., for appellee.

Before BIGGS, MARIS, JONES, GOODRICH, and McLAUGHLIN, Circuit Judges.

MARIS, Circuit Judge.

The plaintiff filed a complaint in the District Court for the District of New Jersey under the Sherman Anti-Trust and Clayton Acts, 15 U.S.C.A. § 1 et seq., for treble damages and for equitable relief. The suit is against a corporate defendant and five individual defendants, David Weinstock, Benjamin Weinstock, Harry Brandt, J. Joshua Goldberg and Emanuel Hertzig. The three individual defendants first named were served in the Southern District of New York on October 17, 1940 upon process issued out of the District Court for the District of New Jersey and the two individual defendants last named were served in the Eastern District of New York on October 21, 1940. Counsel for the plaintiff and counsel for the individual defendants entered into a stipulation on November 7, 1940 and another on November 22, 1940 purporting to extend their time to answer or otherwise move with respect to the complaint. On November 25, 1940, within the extended period, the five individual defendants filed and served notice of a joint motion to quash the service of process and dismiss the complaint. The district court granted the motion and the plaintiff appealed to this court. Both in the district court and upon appeal in this court the parties treated the motion as raising only the defense of improper venue. We held that the defense of improper venue must be asserted within twenty days after the service of the summons and complaint and that since the motion had not been served within that period and since the stipulations to extend the time were ineffective because not approved by the district court the motion was untimely and the court should not have granted it. 130 F.2d 185.

Upon remand the district court reinstated the complaint and granted the defendants an extension of time within which to answer or otherwise move with respect to it. The extension was granted under the authority conferred upon the district court by Civil Procedure Rule 6(b), 28 U.S. C.A. following section 723c, under which the court had ample power, in its discretion, to extend the time for serving a motion or answer. Within the extended time the individual defendants again moved to quash the service of process upon them and to dismiss the complaint. The district court again granted their motion and the appeal now before us followed. Upon this appeal the parties have again treated the

motion as raising the question of improper venue. While the second motion is in substantially the same form as the first, our further study has convinced us that the defense which it seeks to assert is not that of improper venue but rather want of jurisdiction of the court over the persons of the individual defendants. Although this objection was not urged either in the court below or here it is clearly raised in the motion and if sustained it supports the order appealed from. It is accordingly open for our consideration. Helvering v. Gowran, 1937, 302 U.S. 238, 58 S.Ct. 154, 82 L.Ed. 224; Riley Inv. Co. v. Commissioner, 1940, 311 U.S. 55, 59, 61 S.Ct. 95, 85 L.Ed. 36.

The motion was "For an order dismissing the complaint as to the said defendants and each of them on the ground that, as appears from the petition for process and the return of the United States Marshal with respect to service on each of the said defendants that none of the said defendants was served as required by the General Venue Statute, but, on the contrary, that they and each of them were served without the District of New Jersey, and in the case of the defendants David Weinstock and Benjamin Weinstock in the Southern District of New York, and in the case of the defendants J. Joshua Goldberg and Emanuel Hertzig in the Eastern District of New York and in the case of Harry Brandt in the Southern District of New York, all contrary to the statute and practice and rules of this Court in such case made and provided."

While it will be seen that reference was made in the motion to the general venue statute it is quite clear that this reference was wholly meaningless since the sole grounds alleged in support of the motion relate not to venue but to the service of process, namely that the individual defendants were served outside the District of New Jersey. Thus we see that the objection raised by the motion is based upon the extraterritorial character of the service upon these defendants and that the motion does not complain of the fact that the suit was brought in a district other than that of which they are inhabitants.

 We adhere to the view expressed in our former opinion that if the motion is to be treated as raising merely the defense of improper venue the time within which it should have been served commenced to run from the time of service of the summons and complaint and that the unap- proved stipulation did not serve to extend the time. If, however, we treat the motions, as we think we must, as raising the defense of lack of jurisdiction over the persons of the individual defendants rather than the defense of improper venue we are forced to conclude that the individual defendants' original motion was not served out of time. For if the extraterritorial service upon the individual defendants was unauthorized and invalid it did not confer upon the district court the power to adjudicate the controversy between the parties. Munter v. Weil Corset Co., 1923, 261 U.S. 276, 43 S.Ct. 347, 67 L.Ed. 652. The individual defendants were, therefore, entitled to ignore the whole proceeding and subsequently attack any default judgment which might result from it. Butterworth v. Hill, 1886, 114 U.S. 128, 5 S.Ct. 796, 29 L. Ed. 119. Under such circumstances the district court could acquire the power to adjudicate the controversy only if the parties voluntarily appeared. Consequently the failure of the individual defendants to assert the defense of lack of jurisdiction of their persons could not at any time before their voluntary appearance fairly be treated as a waiver of the defense nor could the twenty day period prescribed by Rule 12 for serving a motion or answer raising the defense commence to run prior to such appearance. The distinction between the defenses of lack of jurisdiction of the person and improper venue was clearly pointed out by Justice Brandeis in Robertson v. Railroad Labor Board, 1925, 268 U.S. 619, 622, 623, 45 S.Ct. 621, 69 L.Ed. 1119. Compare Butterworth v. Hill, 1886, 114 U.S. 128, 5 S.Ct. 796, 29 L.Ed. 119, with Commercial Casualty Ins. Co. v. Consolidated Stone Co., 1929, 278 U.S. 177, 49 S.Ct. 98, 73 L.Ed. 252. The disposition of the original motion is not now before us. However, since the second motion was also served timely, i. e., within the time extended by the district court, and since it also raises the defense of want of jurisdiction over the persons of the individual defendants, the merits of that defense are now before us for determination unless the right to assert the defense has been lost to the individual defendants by their voluntary appearance in the district court.

 The filing by the individual defendants of the stipulation for the extension of the time for answering or otherwise moving with respect to the complaint amounted to a voluntary appearance in the action

which gave the court power to adjudicate the controversy to which they were parties. Placek v. American Life Ins. Co., D.C. Wash.1923, 288 F. 987. The question then arises whether by thus voluntarily placing themselves under the court's power the individual defendants lost the right to assert the original lack of jurisdiction over their persons. Prior to the adoption of the Rules of Civil Procedure a voluntary appearance ordinarily had that result. Pollard v. Dwight, 1808, 8 U.S. 421, 2 L.Ed. 666; Toland v. Sprague, 1838, 37 U.S. 300, 330, 9 L.Ed. 1093; Kendall v. United States, 1838, 37 U.S. 524, 623, 9 L.Ed. 1181. It is true that the federal courts followed the common-law practice of permitting a defendant to appear specially for the sole purpose of attacking the jurisdiction without thereby subjecting himself to the power of the court generally. Harkness v. Hyde, 1878, 98 U.S. 476; 25 L.Ed. 237; Mexican Cent. R. Co. v. Pinkney, 1893, 149 U.S. 194, 13 S.Ct. 859, 37 L.Ed. 699. The courts followed this practice because they believed that a sound public policy required them, as a matter of grace, to permit a defendant to test the jurisdiction of the court over him before proceeding to adjudicate his cause. In so doing they were exercising judicial restraint, however, rather than giving recognition to a lack of power over a defendant who voluntarily made a special appearance, for such an appearance has been held to be sufficient to give a court general jurisdiction over the defendant if the court's procedural rules so provide. York v. State of Texas, 1890, 137 U.S. 15, 11 S.Ct. 9, 34 L.Ed. 604.

■ We think that the Rules of Civil Procedure call for the use of similar restraint on the part of the federal courts in the exercise of their power over a defendant who has voluntarily appeared to defend an action against him but who desires also to raise a jurisdictional defense. Under Civil Procedure Rule 12 such a defendant is expressly given the right, at his option, to assert by motion before answer or in his answer itself a jurisdictional defense such as that of lack of jurisdiction over his person. The rule states that "No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion." If he chooses to assert the defense in his answer, rather than by motion, he must include with it all other defenses of every kind, meritorious as well as jurisdic-

tional, which are available to him. It has long been recognized, however, that the filing of an answer to the merits involves an appearance in the action for all purposes. Wetzel & T. R. Co. v. Tennis Bros. Co., 4 Cir., 1906, 145 F. 458, 7 Ann.Cas. 426; Dickey v. Turner, 6 Cir., 1931, 49 F.2d 998. It will thus be seen that Rule 12 permits a defendant to raise a jurisdictional defense even though his voluntary appearance has already called into existence the potential power of the court to adjudicate the merits of his controversy. The rule requires the court to decide without reference to the voluntary appearance the question of jurisdiction thus raised and, if the question is decided in the defendant's favor, to refrain from further exercising over him the power which his appearance has given it.

■ It necessarily follows that Rule 12 has abolished for the federal courts the age-old distinction between general and special appearances. A defendant need no longer appear specially to attack the court's jurisdiction over him. He is no longer required at the door of the federal courthouse to intone that ancient abracadabra of the law, de bene esse, in order by its magic power to enable himself to remain outside even while he steps within. He may now enter openly in full confidence that he will not thereby be giving up any keys to the courthouse door which he possessed before he came in. This, of course, is not to say that such keys must not be used promptly. If the defense of lack of jurisdiction of the person is not raised by motion before answer or in the answer itself it is by the express terms of paragraph (h) of Civil Procedure Rule 12 to be treated as waived, not because of the defendant's voluntary appearance but because of his failure to assert the defense within the time prescribed by the rules. We conclude that within the time allowed for serving the answer the defendant may assert this defense unless he has waived it by some action other than his voluntary appearance. In so holding we are in accord with the decisions of other courts which have considered the question. Blank v. Bitker, 7 Cir., 1943, 135 F.2d 962; Kaufman v. United States, D.C.Dist.Col., 1940, 35 F. Supp. 900. Compare Phillips v. Baker, 9 Cir., 1941, 121 F.2d 752.

■ We come then to the merits of the motion which raises the question whether the district court acquired jurisdiction of the persons of the individual defendants

by service of the summons and complaint upon them outside the District of New Jersey. It has long been held that a federal district court cannot, in the absence of an authorizing statute, issue process for service beyond the limits of the district. Herndon v. Ridgway, 1854, 58 U.S. 424, 15 L.Ed. 100; Harkness v. Hyde, 1878, 98 U.S. 476, 25 L.Ed. 237; Insurance Co. v. Bangs, 1880, 103 U.S. 435, 26 L.Ed. 580; Robertson v. Railroad Labor Board, 1925, 268 U.S. 619, 45 S.Ct. 621, 69 L.Ed. 1119. By Civil Procedure Rule 4(f) the old rule was enlarged to the extent of permitting service anywhere within the territorial limits of the state in which the district court is held, but we find no statute applicable to the present proceeding which would authorize the action of the District Court for the District of New Jersey in directing the service of its process in the Southern and Eastern Districts of New York. Section 5 of the Sherman Act, 15 U.S.C.A. § 5, and section 15 of the Clayton Act, 15 U.S.C.A. § 25, which do authorize extraterritorial service apply only to suits brought by the government, while section 12 of the Clayton Act, 15 U.S.C.A. § 22, which also authorizes such service applies only to suits against corporations. On the other hand Section 4 of the Clayton Act, 15 U.S.C.A. § 15, under which the present suit was brought, while it does authorize suit to be brought in any district where the defendant is found, does not authorize service in a district other than that in which the suit is brought. It was so held by Judge Learned Hand in construing the similar provision contained in Section 7 of the Sherman Act, 26 Stat. 210, 15 U.S.C.A. § 15 note, which was the predecessor of Section 4 of the Clayton Act. Thorburn v. Gates, D.C.N.Y.1915, 225 F. 613. We conclude that the district court rightly quashed the service of process upon the individual defendants. We likewise conclude that it was right in dismissing the complaint as to these defendants.

■ Prior to the adoption of the Rules of Civil Procedure it was held that dismissal of the suit was appropriate under such circumstances. Butterworth v. Hill, 1885, 114 U.S. 128, 5 S.Ct. 796, 29 L.Ed. 119; Munter v. Weil Corset Co., 1923, 261 U.S. 276, 43 S.Ct. 347, 67 L.Ed. 652; Employers Reinsurance Corp. v. Bryant, 1937, 299 U.S. 374, 57 S.Ct. 273, 81 L.Ed. 289. Under the Rules of Civil Procedure a defendant under these circumstances is entitled to dismissal. For if we are to per-

mit a defendant to come voluntarily into court and still raise the defense that his summons to the courthouse was unlawful we must allow him, if he sustains his point, to depart without day through the door which he has thus unlocked. The dismissal of the complaint in such a situation, however, results solely from the lack of jurisdiction of the court and is, therefore, not an adjudication of the merits of the cause of action. Consequently such a dismissal does not prejudice the right of the plaintiff to file another complaint when and if it appears that the court may obtain jurisdiction of the person of the defendant.

The order of the district court is affirmed.