## BOGAR v. UJLAKI.
### Civ. A. No. 3050.

District Court, W. D. Pennsylvania.
May 8, 1945.

Armin H. Friedman, Prichard, Lawler, Malone & Geltz, and Charles B. Prichard, all of Pittsburgh, Pa., for plaintiff.

Joseph H. Reich, of Pittsburgh, Pa., for defendant.

GIBSON, District Judge.

On June 15, 1944, the plaintiff filed his complaint. At the same time he directed service of the summons upon the defendant at 1946 Bakewell Street, Toledo, Ohio; and the Marshal of the Ohio District, on July 17, 1944, made his return of service. On July 27, 1944, the defendant appeared and filed his answer to the allegations as they appeared in the complaint. On December 21, 1944, defendant filed an amended answer. Before doing so, he obtained the consent of one of plaintiff's counsel, without telling him, however, of the nature of the proposed amendment.

In the amendment the subject matter of the first answer was repeated, and, in added defenses, the defendant asserted that he was not subject to service of process of

this court in Ohio, and prayed that the summons be quashed and the complaint be dismissed.

On April 6, 1945, before another judge of this court, plaintiff moved for an order for a jury trial. This motion was opposed by counsel for defendant, but upon what grounds does not appear. The motion was granted.

On April 19, 1945, without further motion filed, counsel appeared and argued the motion to quash the service and to dismiss the action, and were heard by this court.

Had the defendant filed his objection to the service of the summons in Ohio in his first answer, no question could exist as to its force, and the duty of the court would have required an order dismissing the action, as the court had no jurisdiction of the person of the defendant. Orange Theatre Corp. v. Rayherstz Amusement Corp., 3 Cir., 139 F.2d 871; Blank v. Bitker, 7 Cir., 135 F.2d 962. But in his original answer, defendant moved to dismiss the complaint without mentioning the defense set out in his amendment. He voluntarily appeared, answered to the merits, and not until five months later (and then without leave of court) did he file his objection to the service of process. By his original answer and delay in amendment, he had waived his right to assert lack of jurisdiction.

"It has long been recognized, however, that the filing of an answer to the merits involves an appearance in the action for all purposes. * * *

"If the defense of lack of jurisdiction of the person is not raised by motion before answer or in the answer itself it is by the express terms of paragraph (h) of Civil Procedure Rule 12 [28 U.S.C.A. following section 723c] to be treated as waived, not because of the defendant's voluntary appearance but because of his failure to assert the defense within the time prescribed by the rules. We conclude that within the time allowed for serving the answer the defendant may assert this defense unless he has waived it by some action other than his voluntary appearance." Orange Theatre Corp. v. Rayherstz Amusement Corp., supra [139 F.2d 874].

The prayer of the defendant to quash the service of the summons and to dismiss the action will be denied.