Everett G. RANK et al., Plaintiffs,

v.

UNITED STATES of America et al.,
Defendants.

The STATE OF CALIFORNIA, Com-
plainant in Intervention,

v.

Everett G. RANK, the City of Fresno, a
Municipal Corporation, Tranquillity Ir-
rigation District, a Public Corporation,
et al., Defendants in Intervention.

The CITY OF FRESNO, a Municipal Cor-
poration, Complainant in Inter-
vention,

v.

Edwin F. SULLIVAN, Edwin F. Sullivan,
as Operations Supervisor, Fresno Op-
erations Office, the United States of
America, et al., Defendants in Inter-
vention.

TRANQUILLITY IRRIGATION DIS-
TRICT, a Public Corporation, Com-
plainant in Intervention,

v.

Edwin F. SULLIVAN, Edwin F. Sullivan,
as Operations Supervisor, Fresno Oper-
ations Office, the United States of Amer-
ica, et al., Defendants in Intervention.

No. 685–ND.

United States District Court
S. D. California, N. D.

Nov. 18, 1954.

Claude L. Rowe for plaintiffs, and for
City of Fresno, and Tranquillity Irriga-
tion District, plaintiffs in intervention.

Maddox & Abercrombie, James K
Abercrombie, Erling H. Kloster, Visa-
lia, Cal., for Terra Bella Irrigation Dis-
trict and other irrigation districts.

Green, Green & Plumley, Denslow
Green, Madera, Cal., for Chowchilla Wa-
ter District.

David E. Peckinpah, Fresno, Cal., and Harold M. Child, Selma, Cal., for Madera Irrigation District.

J. O. Reavis, Delano, Cal., for Southern San Joaquin Municipal Utility District.

Gerdes & Kuder, San Francisco, Cal., Gilbert H. Jertberg, Fresno, Cal., for Pacific Gas & Electric Co.

Ronald Harris, Fresno, Cal., for Consolidated Irrigation District.

Harold A. Parichan, Fresno, Cal., for Emil Schram.

Edmund G. Brown, Atty. Gen., E. Abbott Goldberg, Dept. Atty. Gen., Geo. G. Grover, Dept. Atty. Gen., for State of California plaintiff in intervention.

No appearances for the United States of America or the defendant officials and employees of the Bureau of Reclamation.

HALL, District Judge.

On June 11, 1953, the plaintiffs and the plaintiffs in intervention duly and regularly filed and served a Notice of Motion to join the United States of America as a party defendant and defendant in intervention in this action, which Motion was duly and regularly heard on June 24, 1953; but ruling thereon was deferred pending extraordinary writ proceedings commended by the United States in the Ninth Circuit Court of Appeals, and terminated on August 4, 1953; thereafter, and on September 18, 1953, this Court made its Order granting the Motion to join the United States of America as a party defendant and defendant in intervention, and overruled the objections of the United States that this Court had no jurisdiction over the United States in this action. Service of the Complaints and Complaints in Intervention, as then amended and supplemented, with Summons thereon, were duly and regularly served on the United States in compliance with the Act of July 10, 1952, 43 U.S.C.A. § 666, and the applicable Federal Rules of Civil Procedure.

Thereafter, and on December 14, 1953, the United States of America and the defendant officials of the Bureau of Reclamation, Department of the Interior, filed a Motion to Dismiss the Complaints of plaintiffs and plaintiffs in intervention, which Motion was duly noticed for hearing, and was heard and argued on January 11, 1954, and on January 30, 1954, this Court made its order denying said Motion to Dismiss, and again overruled the objections of the United States, including the objection that this Court had no jurisdiction over the United States of America, and that the Complaint and Complaints in Intervention, as amended and supplemented, failed to state a claim for which relief may be granted against the United States of America by this Court; thereafter, extraordinary writ proceedings were again commenced in the Ninth Circuit Court of Appeals, and were dismissed by the U. S. Court of Appeals on June 4, 1954. State of California v. United States District Court, 213 F.2d 818.

Thereafter, certain amendments and supplements to the plaintiffs' Complaint and the Complaints in Intervention of the City of Fresno and the Tranquillity Irrigation District, after notice and hearing, were ordered filed, and were duly and regularly served upon all parties, including the United States of America.

The United States of America has filed no pleading or Motion other than the abovementioned Motion to Dismiss filed on December 14, 1953, and overruled on January 30, 1954, although the time therefor has long since expired.

Various documents have been filed in the name of the United States entitled "Suggestions." In each of them the point is raised that this Court lacks jurisdiction for the reason that the United States of America has not waived its sovereign immunity, and/or for the further reason that the Complaints of Plaintiffs and Plaintiffs in Intervention, as amended and supplemented, fail to

state a claim for which relief may be granted by this Court against the United States of America.

The last such "Suggestion" was filed on October 14, 1954, the concluding paragraph of which reads as follows:

"The United States of America and the subordinate officials, without submitting to the jurisdiction of this Court, likewise respectfully suggest that this Court vacate the order which purports to join the United States of America, on the grounds and for the reason that the United States of America has not waived its sovereign immunity from suits for declaratory judgment or in actions for alleged 'illegal and unlawful' acts of its subordinate officials; and for the further and additional reason that the plaintiffs and complainants in intervention have failed to state against the United States of America a claim for which relief may be granted by this Court."

No Notice of a Motion to hear the abovementioned "Suggestion," or any of them, has been made at any time.

The Federal Rules of Civil Procedure provide, 28 U.S.C.A., by Rule 12(h), as follows:

"(h) Waiver of Defenses. A party waives all defenses and objections which he does not present either by motion as hereinbefore provided or, if he has made no motion, in his answer or reply, except * * * (2) that, whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action. * * * *"

Rule 7(a) of the Federal Rules of Civil Procedure defines "pleadings" as follows:

"(a) Pleadings. There shall be a complaint and an answer; and there shall be a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if leave is given under Rule 14 to summon a person who was not an original party; and there shall be a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer. As amended Dec. 27, 1946, effective March 19, 1948."

Rule 7(b) and (c) of the Federal Rules of Civil Procedure provide as follows:

"(b) Motions ond Other Papers

"(1) An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion.

"(2) The rules applicable to captions, signing, and other matters of form of pleadings apply to all motions and other papers provided for by these rules.

"(c) Demurrers, Pleas, Etc., Abolished. Demurrers, pleas, and exceptions for insufficiency of a pleading shall not be used."

■ The sole function of a "Suggestion," made under Rule 12(h), is to bring the question of jurisdiction to the attention of the Court. Much of the argument made in support of the "Suggestion" filed on October 14, 1954, is a rehash of the same contentions advanced to this Court at the hearing of the Motion to Join the United States as a party, in June, 1953, and in the two extraordinary writ proceedings in the Appellate Court, and the Motion to Dismiss filed in this Court. It has, thus, been repeatedly heretofore raised and repeatedly heretofore passed on, adverse to the con-

tentions of the United States made in said "Suggestion."

These contentions have been persistently made and have been repeatedly overruled so that it is, and has been, the law of the case since January 30, 1954, if not from September 18, 1953, that this Court does have jurisdiction of the United States of America in the within action.

 Obviously, a "Suggestion" made under Rule 12(h) is not a pleading, nor is it a motion under the Federal Rules of Civil Procedure. And, filing a "Suggestion" does not relieve a party from pleading or moving the Court under the Federal Rules of Civil Procedure.

On October 12, 1953, the plaintiffs and plaintiffs in intervention filed notice of and a motion to reopen the trial, which motion was set for hearing on October 19, 1953. Said Notice was duly served upon all parties to the action, including the United States of America. On that date, i. e., October 19, 1953, said Motion was called, and duly and regularly continued for hearing to November 23, 1953, and thereafter from time to time called and duly and regularly continued for hearing as follows:

November 23, 1953 to January 11, 1954–
 then to February 15, 1954–
 then to March 8, 1954–
 then to April 19, 1954–
 then to May 17, 1954–
 then to July 12, 1954–
 then to August 16, 1954–
 then to September 20, 1954–
 then to October 25, 1954.

On October 15, 1954, the State of California, filed its Opposition to the Motion to Reopen; and various defendant Irrigation Districts filed Opposition thereto as follows: Madera Irrigation District on October 28, 1953; South San Joaquin Municipal Irrigation District on November 14, 1953; and Lindsay-Strathmore Irrigation District on October 16, 1953.

The issues involved in this lawsuit concern the water rights of approximately 1,000,000 acres of the most productive and fertile land in California *when it has water.*

This matter should have been concluded long ago, and could have been, but out of respect to the United States Court of Appeals, during the pendency of the various writs, and in order that all parties might have ample opportunity to state their legal positions to this Court and raise any defenses which they might be justified in raising, the Court from time to time deferred action on the Motion to Reopen, as above stated. Further delay not being justified, the Motion of plaintiffs to reopen was granted on October 25, 1954.

The plaintiffs and plaintiffs in intervention filed a further Motion to Reopen on November 3, 1954, which was duly and regularly noticed for hearing, and was heard on November 15, 1954.

At no time has the United States of America, or any of the defendant officials of the Bureau of Reclamation, filed any opposition to, or objection to, or objection to the hearing of, the Motion to Reopen filed October 12, 1953, or to the one filed November 3, 1954.

As heretofore indicated, the United States of America has filed no responsive pleading to the Complaints of the plaintiffs and/or plaintiffs in intervention, as amended or supplemented, or at all, but the parties are entitled to proceed with this lawsuit.

Good cause appearing therefor,

It is hereby ordered that the "Suggestion" that this Court lacks jurisdiction on the grounds that the United States of America has not waived its sovereign immunity, and that the Complaints of the plaintiffs and plaintiffs in intervention, as amended and supplemented, fail to state a claim for which relief may be granted by this Court against the United States of America are hereby denied, overruled, and rejected.

The remainder of the document entitled "Suggestion that Case be Concluded," filed October 14, 1954, appears to be recitations in the form of argument, and good cause appearing therefor, it is hereby ordered that the remainder of the said document filed October 14, 1954, except the paragraph hereinbefore quoted, be, and the same is, hereby ordered stricken.

It is hereby further ordered that the trial of the above entitled action be reopened to allow any party herein to introduce evidence discovered since July 3, 1953.

It is hereby further ordered, adjudged and decreed that the trial of the above entitled action be reopened for the purpose of introducing evidence for and against the defendant and the defendant in intervention, the United States of America, and the other defendants and defendants in intervention herein added since July 3, 1953, in the above entitled action.

It is hereby further ordered, adjudged and decreed that the trial of the above entitled action be reopened for the purpose of taking evidence under and upon the supplemental complaint of the plaintiffs, supplements, complaints in intervention of the City of Fresno and the Tranquillity Irrigation District, amendment and supplement to the complaint, as amended, of plaintiffs, and amendments and supplements to complaints in intervention, as amended, of the City of Fresno and the Tranquillity Irrigation District, and the answers of the various parties thereto.

It is hereby further ordered that the trial of said case as reopened be, and the same is hereby set for December 7, 1954, at the hour of 10 o'clock A. M., in the Courtroom of the U. S. Court House, Fresno, California.

It is hereby further ordered that counsel for plaintiffs and plaintiffs in intervention forthwith serve a copy of the within Order under the Rules, and specifically they shall serve a copy thereof, by registered mail, upon the United States Attorney for the Southern District of California, and upon the Attorney General of the United States.