Arthur OSTER and Dorothy Oster, Plaintiffs,

v.

DOMINION OF CANADA, Defendant.

William L. CLAY et al., Plaintiffs,

v.

DOMINION OF CANADA, Defendant.

William L. CLAY, Jr., Plaintiff,

v.

DOMINION OF CANADA, Defendant.

ONTARIO REFECTORIES, Inc., Plaintiff,

v.

DOMINION OF CANADA, Defendant.

Lewis DOLLINGER and Lelia A. Dollinger, Plaintiffs,

v.

HER MAJESTY ELIZABETH, QUEEN OF CANADA and Canada, Defendants.

Arthur SHAUGHNESSY and Anne Shaughnessy, Plaintiffs,

v.

HER MAJESTY ELIZABETH, QUEEN OF CANADA and Canada, Defendants.

Angelo R. SANTORA, Plaintiff,

v.

HER MAJESTY ELIZABETH as of right Queen of Canada and Canada, Defendants.

Norman ATTERBY and Mary Atterby, individually and Norman Atterby as President et al., Plaintiffs,

v.

HER MAJESTY ELIZABETH II, QUEEN OF CANADA and the Dominion of Canada, Defendants.

Civ. Nos. 4511, 4599, 4600, 4782, 5011, 5018, 5086, 5704.

United States District Court N. D. New York.

May 24, 1956.

Judgment Affirmed Dec. 7, 1956.

See 238 F.2d 400.

Perry Rauch, Syracuse, N. Y., for plaintiffs in Nos. 5704, 4511.

William L. Clay, Rochester, N. Y., for plaintiffs in Nos. 4599, 4600, 5086.

Homer H. Marks, Rochester, N. Y., for plaintiff in No. 4782, Philip Hillsberg, Syracuse, N. Y., of counsel.

William L. Clay, Rochester, N. Y., for plaintiffs in Nos. 3011, 5018, Perry Rauch, Syracuse, N. Y., of counsel.

No appearance for defendants.

Sullivan & Cromwell, New York City, Inzer B. Wyatt, New York City, of counsel; Courtney Kingstone, Legal Dept. of External Affairs, Ottawa, Canada, on the brief, amicus curiae upon the argument in support of the suggestion of no jurisdiction.

BRENNAN, Chief Judge.

The problem involved in each of the above actions is one of jurisdiction. The question is similar in each case and this decision will apply in each of the above entitled actions.

Practically, Canada is the defendant in each of the claims. It is suggested that the correct denomination of the defendant is "Her Majesty Queen Elizabeth II in Right of Canada, the Sovereign of Canada". No point is made however of any error in the titles as they appear.

As far as important here, the actions seek the recovery of money damages to property claimed to have been caused by the elevation of the water level of Lake Ontario. The damages demanded are large in amount and represent the claims of many United States citizens. Action, Civil 5704, purports to be a class action in that it attempts to recover damages for persons who are similarly situated. The factual background of the claims will be briefly referred to.

The international boundary line between the United States and Canada, near the City of Ogdensburg, N. Y., passes between Adams Island, which is in Canadian territory, and Les Galops Island, which is within the United States. Due to difficulties in navigation on the St. Lawrence River, negotiations were had between the United States and Canada whereby Canada constructed a dam known as the Gut Dam between the two islands with the apparent purpose of facilitating the passage of down-going vessels in the channel to the north of Adams Island. It was proposed that Canada build the dam which would, to some extent, be located upon United States territory. Negotiations were carried on between the two nations on a diplomatic level. Congressional approval to the erection of the dam was given. Plans therefor were approved in accordance with the statute, subject however to the condition quoted below—

"2.—That if the construction and operation of the said dam shall cause damage or detriment to the property owners of Les Galops Island, or to the property of any other citizens of the United States, the government of Canada shall pay such amount of compensation as may be agreed upon between the said government and the parties damaged, or as may be awarded the said parties in the proper court of the United States before which claims for damage may be brought."

Formal assurance of the acceptance of the condition was made by the Canadian authorities to the government of the United States or to the Secretary of War. The dam was thereafter constructed about 1903 and continued performing its functions until 1952 or 1953 when it was removed.

Jurisdiction in each action is based upon Title 28 U.S.C.A. §§ 1331 and 1332

(a) (2) which sections refer to actions arising under the laws of the United States and actions based upon diversity of citizenship. In each of the actions a "suggestion" that this Court had no jurisdiction has been filed by the Ambassador of Canada to the United States.

It appears that the claims of United States citizens, including those of the plaintiffs in these particular actions, have been the subject of discussion and conferences between the diplomatic representatives of the United States and Canada. In fact, the matter of the disposition of these and similar claims is still under consideration. This Court has delayed acting upon the "suggestion", above referred to, pending the outcome of such negotiations. It now appears however that the pendency of these actions may have tended to delay the progress of the negotiations and it is deemed advisable to decide the question raised.

The filing of the suggestions by the Ambassador, as above mentioned, has statutory authority in the Federal Rules of Civil Procedure 12(h), 28 U.S.C.A. Their function is to bring the question of jurisdiction to the attention of the Court, Rank v. United States, D.C., 16 F.R.D. 310 and it is apparent that the Court should proceed no further in the cases until the question of jurisdiction is considered and decided. The burden of the suggestions filed in these cases is to the effect that the defendant is a sovereign and is immune from suit in this Court, such immunity not having been waived. It is also asserted in the suggestions filed that the service of process in these cases is insufficient to obtain jurisdiction over the person of the defendant.

Upon the invitation of the Court, all interested parties were invited to present their views as to the jurisdiction of the Court at a hearing. Such a hearing was held, arguments were advanced and briefs were filed. Same have been considered; all of the pleadings and proceedings on file in the Clerk's office have been examined and it is concluded that there is a lack of jurisdiction and the actions should be dismissed.

These are in personam actions and the presence of the defendant is an essential element of the jurisdiction of this Court. Employers Reinsurance Corp. v. Bryant, 299 U.S. 374, at pages 381 and 382, 57 S.Ct. 273, 81 L.Ed. 289. If there is a failure of jurisdiction, it arises either from insufficient service of process or the defendant's immunity from suit.

Service upon the defendant in each of these actions was made by the delivery of a copy of the summons and complaint to the Consul General of Canada or some one connected with his office at New York City. It is apparent from the whole record that the sufficiency of such service was disputed at the time. The question is referred to but not decided in the case of Puente v. Spanish National State, 2 Cir., 116 F.2d 43.

No authority exists for the service of process in a manner other than that set forth in the Federal Rules of Civil Procedure. Clark County, Nev. v. City of Los Angeles, D.C., 92 F.Supp. 28. Concededly there is no precedent which recognizes as valid the type of service of process made here. The argument that these actions came to the attention of the Canadian authorities and thereby performed their notice-giving function as referred to in Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, is unavailing since the above decision refers to the function of pleadings rather than to the function of process.

The limitations upon the authority of a consul is discussed in The Anne, 3 Wheat. 435, at page 446, 4 L.Ed. 428. In fact a photostat copy of the appointment of the consul upon whom service was made in these cases is found among the papers in the Oster action and his power is limited by the terms thereof to the protection of the interests of Canadian citizens within his consular district. He is in no sense a managing agent.

It is beyond argument that jurisdiction of the person in this type of action is a necessary requisite to the overall jurisdiction of the Court to adjudicate the claim submitted. Such jurisdiction must be acquired either by the service of process or by the defendant's appearance. Ex parte Republic of Peru, 318 U.S. 578, at page 587, 63 S.Ct. 793, 87 L.Ed 1014. Here the defendant has not appeared in any manner in these actions and a consideration of the effect of a holding that service upon a consul is service upon a sovereign is sufficient to conclude that the service of process here is ineffective to obtain jurisdiction over the person of the defendant.

Having arrived at the above conclusion, it would seem unnecessary to discuss and decide whether or not the immunity, ordinarily granted to a friendly sovereign, is available to the defendant in these cases. The determination of that question is not essential to this decision and it is evident that same requires both research and consideration. The United States seems to have lately adopted a more restrictive theory of immunity to a foreign country or sovereign. See discussion in Republic of China v. National City Bank, 2 Cir., 208 F.2d 627 and in same case 348 U.S. 356, 75 S.Ct. 423, 99 L.Ed. 389. It is apparent from the file in the Oster case that there is a difference of opinion between the Canadian authorities and our Secretary of State's office as to the existence of the defendant's immunity in these cases. Whether or not the position of the United States will be followed by the courts is problematical although there seems to be a tendency in the reported cases to allow or disallow a plea of immunity in accordance with the action of the Executive Department.

The decision here rests upon the lack of jurisdiction over the person of the defendant. Such defect is sufficient authority for the dismissal of these cases. This has been the holding of judicial precedents since Herndon v. Ridgway, 17 How. 424, 58 U.S. 424, 15 L.Ed. 100. Since there appears to be no chance of the curing of the defect, referred to above, by a proper service of process upon the defendant, each of the above actions will be and is dismissed and it is

So Ordered.