Karen Fay FRASCA, a minor, by John Frasca and Louise Frasca, her guardians, and John Frasca and Louise Frasca in their own right

v.

Charles EUBANK, Michael Frasca.

No. 24999.

United States District Court
E. D. Pennsylvania.

Sept. 29, 1959.

12. See footnote 9.

Norvin Nathan, Philadelphia, Pa., for plaintiffs.

Henry T. Reath (of Duane, Morris & Heckscher), Philadelphia, Pa., for Charles Eubank.

Gerald J. Haas, Philadelphia, Pa., for Michael Frasca.

VAN DUSEN, District Judge.

The motion of the third-party defendant, Michael Frasca, to dismiss the third-party complaint must be granted. The pertinent facts are as follows: Karen Frasca was walking with her grandfather, Michael Frasca, when she was struck by an automobile driven by Charles Eubank. Karen and her parents filed a complaint against Eubank and he, in turn, impleaded Michael Frasca. The third-party complaint and summons were served by leaving them with Mrs. Louise Frasca, the mother of Karen and daughter-in-law of Michael Frasca, at her home in Levittown, Pa. Michael Frasca has resided in Massachusetts since he first came to this country some fifty years ago. Since the death of his wife four years ago, he has been living with his daughter in that state. He has visited his son's family in Levittown on two occasions. The accident involved here happened during one of these visits. Both visits were of only several days duration. Michael Frasca was not visiting with his son in Pennsylvania on the day the summons and complaint were left with his daughter-in-law, Mrs. Frasca.

F.R.Civ.P. 4(d)(1), 28 U.S.C., provides that service of a summons and complaint shall be made "Upon an individual other than an infant or an incompetent person * * * by leaving copies thereof at his dwelling house or usual place of abode

with some person of suitable age and discretion then residing therein * *." [1]

■■ The question here presented is whether his son's house in Levittown constitutes the "dwelling house or usual place of abode" of Michael Frasca. Rule 4(d)(1) should be construed liberally to effectuate service where actual notice of suit has been received by the defendant. Rovinski v. Rowe, 6 Cir., 1942, 131 F.2d 687. The fact of actual notice is not enough, however. There must be compliance with the directions of the rule and the terms "dwelling house" and "usual place of abode" cannot be given an artificial meaning. Here Michael Frasca's only connection with the house in Levittown was that he stayed there briefly while visiting his son on two occasions. Even assuming that this is a sufficient contact upon which to base jurisdiction without violating the due process clause of the Fifth Amendment, this court is of the opinion that the language of the rule does not cover this situation.

In James v. Russell F. Davis, Inc., D.C. N.D.Ind.1958, 163 Supp. 253, it was held that service at the home of a serviceman's parents, where he visited while on furlough, did not amount to service at his "dwelling house or usual place of abode." The court was influenced by the fact that the defendant was married and intended to make a career of his service in the military. These facts were necessary to show that the son had abandoned his natural home with his parents. Here there was no such initial connection with the place of service which had to be severed.

In Pickford v. Kravetz, 17 F.R.Serv.4d 121, case 1 (S.D.N.Y.1952), service upon the manager of the hotel where the defendant was staying at the time was held to be valid. The fact that the defendant was currently living at the hotel distinguishes it from the instant case. In Pickford, the court stated that the "or" in "dwelling house or usual place of abode" is used disjunctively. It then equated "usual place of abode" with residence. "Dwelling house" was indicated by the court to be the place where the defendant was presently living. It should also be noted that the court suggested in its decision that there was collusion between the hotel manager and the defendant which frustrated the attempted personal service. This undoubtedly encouraged the court to exert itself in order to validate the service actually effected.

■ Because of this court's decision that the complaint must be dismissed for lack of personal jurisdiction due to invalid service of process under F.R.Civ.P. 12(b)(2),[2] it is unnecessary for it to consider the third-party defendant's contention that the third party complaint fails to state a claim upon which relief can be granted.[3]

1. F.R.Civ.P. 4(d) provides for other means of service but counsel does not assert, nor does it appear, that the service attempted here is valid under any of these other provisions, including Rules 1041 and 1009 of the Pennsylvania Rules of Civil Procedure (12 P.S.Appendix, Rules 1009, 1041), as adopted by F.R.Civ.P. 4(d) (7).

2. Mississippi Pub. Corp. v. Murphree, 1945, 326 U.S. 438, 444, 66 S.Ct. 242, 90 L.Ed. 185; Orange Theatre Corporation v. Rayherstz Amusement Corp., 3 Cir., 1944, 139 F.2d 871; United States v. Krasnov, D.C.E.D.Pa.1952, 109 F. Supp. 143; Bogar v. Ujlaki, D.C.W.D.Pa. 1945, 4 F.R.D. 352, 353.

3. The possibility that the service be quashed and the third-party action remain pending in the event proper service could later be obtained has not been overlooked. Cf. Thompson v. Trent Maritime Company, D.C.E.D.Pa.1957, 149 F.Supp. 468. However, this motion is directed to a third-party complaint and the court's policy is to require such actions to be instituted within six months from the service of the answer so that discovery and trial are not delayed by a third party's needs when he is joined. See Local Rule 19(a). It is now more than one year since the answer was filed and, under all the circumstances, this language at page 875 of 139 F.2d of the

Orange Theatre Corporation case, supra, footnote 2, is controlling in this case:

"Prior to the adoption of the Rules of Civil Procedure it was held that dismissal of the suit was appropriate under such circumstances. [Citing cases.] Under the Rules of Civil Procedure a defendant under these circumstances is entitled to dismissal. For if we are to permit a defendant to come voluntarily into court and still raise the defense that his summons to the courthouse was unlawful we must allow him, if he sustains his point, to depart without day through the door which he has thus unlocked. Ths dismissal of the complaint in such a situation, however, results solely from the lack of jurisdiction of the court and is, therefore, not an adjudication of the merits of the cause of action. Consequently such a dismissal does not prejudice the right of the plaintiff to file another complaint when and if it appears that the court may obtain jurisdiction of the person of the defendant."