Albert H. BRAMLEY, Plaintiff,

v.

MONARCA CIA. NAVIERA S.A., Hugo Neu Corp. and Hugo Neu Steel Products, Inc., Defendants.

MONARCA CIA. NAVIERA S.A., Defendant and Third-Party Plaintiff,

v.

READING COMPANY, Camden Iron and Metal Co. and Independent Pier Company, Third-Party Defendants.

Civ. A. No. 28966.

United States District Court
E. D. Pennsylvania.

Jan. 7, 1964.

Philip Dorfman, Dorfman, Pechner, Sacks & Dorfman, Philadelphia, Pa., for plaintiff.

John T. Biezup, Thomas F. Mount, Rawle & Henderson, Philadelphia, Pa., for Monarca Cia. Naviera S.A., defendant and third-party plaintiff.

Francis A. Scanlan, Kelly, Deasey & Scanlan, Philadelphia, Pa., for Independent Pier Co.

Mark D. Alspach, Krusen, Evans & Byrne, Philadelphia, Pa., for Hugo Neu Corp. and Hugo Neu Steel Products, Inc.

Philip H. Ward, III, Sidney L. Wickenhaver, Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., for Camden Iron & Metal Co., third-party defendant.

Benjamin F. Stahl, Jr., Clark, Ladner, Fortenbaugh & Young, Joseph X. Heincer, Philadelphia Pa., for Reading Co.

GRIM, District Judge.

The latest amendments to the Federal Rules of Civil Procedure went into effect on July 1, 1963. Rule 86(e) provides that the amendments " * * * govern all proceedings in actions brought after they take effect and also all further proceedings in actions then pending, except to the extent that in the opinion of the court their application in a particular action pending when the amendments take effect would not be feasible or would work injustice, in which event the former procedure applies." The question to be decided here is how this provision of Rule 86(e) applies to the facts of the present case.

Plaintiff's complaint was filed on December 9, 1960. One of the defendants timely sought and obtained leave of court to serve a third-party complaint on three additional defendants. One of the additional defendants, Camden Iron and Metal Co. (Camden Co.), having been served in the City of Camden, New Jersey, moved to dismiss the third-party action against it or in the alternative to quash the service of process on it contending that service was improper since it had been made outside the territorial limits of service of process issuing from this court.[1] On June 7, 1961 this court, following the law as it then was, quashed the service of process on Camden Co. but specifically did not grant the motion to

---

1. Rule 4 of the Federal Rules of Civil Procedure provided prior to July 1, 1963: "(f) Territorial Limits of Effective Service. All process other than a subpoena may be served anywhere within the territorial limits of the state in which the district court is held * * *."

dismiss. The July 1, 1963 amendments to the Rules of Civil Procedure changed the law as to service of process on third-party defendants and provided that service could be made within 100 miles of the courthouse in which the action had been commenced,[2] thereby creating the possibility of proper service on Camden Co. in the City of Camden, New Jersey. Shortly after the effective date of the amended Rules, an alias summons in the third-party action against Camden Co. was issued from this court and service was made in Camden, New Jersey. Camden Co. again moved to dismiss the third-party complaint or in the alternative to quash the service of process. This motion is now before the court for disposition.

■ The question here is whether permitting the third-party action against Camden Co. at this time would, in the words of Rule 86(e), "work injustice." In my opinion it would. The original cases and other third-party actions are about to go to trial. All parties except Camden Co. have had years to make and have made extensive discovery. Pre-trial memoranda of several of the parties are already on file in the case. To bring another party into the action at this time might well create procedural chaos and delay bringing the other cases to trial in due course. While it is true that the judges of the court could sever the Camden Co. case for trial purposes to avoid delaying the trial of the other cases, it seems to me that permitting this additional third-party action at this time, more than three years after the starting of the original action, would create more problems than it would solve. Plaintiff is entitled to have his case move ahead without further delay. The alleged indemnity cause of action, if any, against Camden Co. will still remain after the trial of the other actions, and it can be pressed in a separate action against Camden Co. at that time, just at it might be pressed in a third-party action at this time.

■ The third-party action under Fed.R.Civ.P. 14 was devised to dispose of all claims arising out of a transaction or injury efficiently and fairly, but not to sanction a last-minute service' of one claim at the expense of delay and prejudice to other claims.[3]

In accordance with this thinking, the judges of this court have adopted a' policy, expressed in Local Rule 19(a), of favoring early prosecution of third-party actions. Dismissal of the third-party complaint here accords more with the letter and spirit of these Rules than does mere quashing of the service of process. See Frasca v. Eubank, 24 F.R.D. 268, 270, n. 3 (E.D.Pa.1959).

### ORDER

And now, January 7, 1964, the service of process of the complaint of Monarca Cia. Naviera S.A. against Camden Iron and Metal Co. is quashed and the said third-party complaint is dismissed.

---

2. Rule 4 of the Federal Rules now provides:
   "(f) Territorial Limits of Effective Service. All process other than a subpoena may be served anywhere within the territorial limits of the state in which the district court is held * * *. In addition, persons who are brought in as parties pursuant to * * * Rule 14 [concerning third-party actions] * * * may be served * * * at all places outside the state

but within the United States that are not more than 100 miles from the place in which the action is commenced * * *."

3. Amended Rule 14 provides that in a situation where a third-party claim would delay or prejudice the disposition of the other claims in the case, "(a)ny party may move to strike the third-party claim, or for its severance or separate trial. * * *"