**CO–BUILD COMPANIES, INC., Plaintiff**

**v.**

**EUGENE FARROW, Defendant**

Civil No. 74-596

District Court of the Virgin Islands

Div. of St. Thomas and St. John

July 24, 1975

ARNOLD M. SELKE, ESQ., *for plaintiff*

HENRY L. FEUERZEIG, ESQ., *for defendant*

YOUNG, *District Judge*

## MEMORANDUM OPINION AND JUDGMENT

Pursuant to a deed executed on April 26, 1969, between West Indies Enterprises, Inc., predecessor of the plaintiff Co-Build Companies, Inc., as grantor, and defendants Eugene and Jacklyn Farrow, as grantees, a parcel of land in Estate Wintberg was transferred for a consideration of $15,000.00. The complaint in the instant action alleges that the $15,000.00 purchase price has never been paid by Eugene Farrow. Both parties to the action have moved under Rule 56 of the Federal Rules of Civil Procedure for summary judgment.

An affidavit sworn by defendant Eugene Farrow indicates that on April 26, 1969, a promissory note, payable on demand, was executed by him and his wife to the order of West Indies Enterprises, Inc. He further asserts that said note was paid on February 18, 1971, by a check for $15,000.00 drawn on the Charlotte Amalie Branch of the Chase Manhattan Bank. A copy of the check, marked paid on the reverse side, was appended to defendant's motion. Plaintiff's counteraffidavit, as sworn to by Frank Pope, Acting Vice President of Co-Build Companies, Inc., suggests that the $15,000.00 check of February 18, 1971, constituted part of the $63,856.00 deposit paid toward the construction of defendant's home, rather than payment on the Wintberg plot.

■■ Had the affiant, Mr. Pope, sworn to facts within his personal knowledge, as required by Rule 56(e), this Court would have no difficulty in finding a genuine issue of material fact. However, in response to defendant's assertions that his check was to be applied to the note dated April 26, 1969, Mr. Pope stated: "Upon information and belief, these claims by Defendant are untrue". It is clear that upon review of a summary judgment motion, a court

must disregard affidavits containing statements made merely "on information and belief". See Automatic Radio Mfg. Co. v. Hazeltine Research, Inc., 339 U.S. 827 (1950); Gostin v. Nelson, 363 F.2d 371–72 (3d Cir. 1966); 6 Moore's Federal Practice ¶56.22[1], at 2806 (2d ed. 1974).

Pope's affidavit goes on to state that the best source of information with regard to defendant's contention is the working papers of Co-Build's Philadelphia-based accounting firm. During the hearing on this summary judgment motion, plaintiff was given more than a month to produce these papers to substantiate its claim that the $15,000.00 check was for a purpose other than payment on the Wintberg property. No such documentary proof has been forthcoming.

Mr. Pope's affidavit, setting forth his "personal belief" that the check constituted part of the $63,856.00 deposit, is devoid of any showing of the basis for this belief, other than the assertion that during 1971 and 1972, defendant was making payments to Co-Build to cover the cost of construction of his house.

Such speculation, not based on personal knowledge, is insufficient to neutralize the facts set out in Mr. Farrow's affidavit and supporting documents. See McSpadden v. Mullins, 456 F.2d 428, 430 (8th Cir. 1972).

### SUMMARY JUDGMENT

In accordance with the foregoing Memorandum Opinion and the reasons set forth therein, it is hereby

ORDERED, ADJUDGED and DECREED:

That Defendant Eugene Farrow be and he hereby is granted summary judgment, that the complaint be and hereby is dismissed; and it is further

ADJUDGED that defendant shall be entitled to an award of costs, including attorney's fees, which shall be

determined by the Court upon submission of a Bill of Costs and an attorney's affidavit pertaining to a court awarded attorney's fee, suggesting a fee in accordance with the guidelines set down by the Third Circuit in Lindy Bros. Bldrs., Inc. of Phila v. Am. R & S San. Corp., 487 F.2d 161 and Estien v. Christian, 507 F.2d 61. The determination of the award of attorney's fee may be made upon the affidavit and any written opposition thereto, unless either party requests a hearing thereon within ten (10) days of the filing of the Bill of Costs and Affidavit by the attorneys for the defendant.