ANN MARIE JOSEPH and VERONICA SMITH INDIVIDU-
ALLY and LATOYA SMITH, MINOR, BY AND THROUGH HER
PARENT and NEXT FRIEND, VERONICA SMITH, Plaintiffs

v.

COURTNEY BRIGGS, Defendant

Civil No. 88-09

District Court of the Virgin Islands

Div. of St. Thomas and St. John

August 30, 1990

DESMOND L. MAYNARD, ESQ., St. Thomas, V.I., *for plaintiffs*

COURTNEY BRIGGS, St. Thomas, V.I., *for defendant*

BROTMAN, *Acting Chief Judge*

### MEMORANDUM

THIS MATTER is before the Court on plaintiffs' motion for entry

of default by the Clerk of the Court. After reviewing the file, the Clerk of the Court has brought this matter to the attention of the Court to resolve whether service on defendant was effective. The Court finds that service was defective and reserves ruling on the motion for entry of default until plaintiffs provide additional information regarding defendant's dwelling house or his usual place of abode.

## FACTS AND PROCEDURE

Plaintiffs allege that on August 20, 1988 defendant Courtney Briggs caused an accident that injured them. On January 16, 1990, in an effort to serve Briggs with the summons and complaint, process server Gaston Tuckett left the summons and complaint with Briggs' mother Adora Foy at her address Agnes Fancy No. 55 E.

On the front of the summons Briggs' address appears as Agnes Fancy No. 92. Although there is an address for Briggs on the summons, there is no information in the record to indicate that Tuckett attempted to serve Briggs at Agnes Fancy No. 92. On April 14, 1988, after Briggs failed to answer the complaint, plaintiffs filed a motion for entry of default. Some time between April 14, 1988 and May 4, 1988 the Clerk of the Court noticed the discrepancy in addresses and requested additional information regarding Briggs' dwelling house. On May 4, 1988, in response to the Clerk's request, plaintiffs' counsel Desmond L. Maynard submitted, (1) a letter stating that on information on belief Mr. Briggs resided with his mother, and (2) an affidavit of Gaston Tuckett stating that he delivered summons and complaint to Adora Foy at her address Agnes Fancy No. 55 E. To date, Briggs has not answered the complaint nor has he responded to any of plaintiffs' motions. This matter is before the Court to resolve whether service at Briggs' mother's house was effective.

## DISCUSSION

 Where plaintiffs have properly served defendant and defendant has failed to plead or otherwise defend, the Clerk of the Court shall enter default against defendant. Fed. R. Civ. P. 55(a). Here, however, there appears to be a defect in service. Defendant Courtney Briggs' address appears on the summons as Agnes Fancy No. 92, St. Thomas, V.I. 00801, while service was made at his mother's residence at Agnes Fancy No. 55 E. The summons and complaint were left with his mother at her address and not at the address

that appears on the summons. Fed. R. Civ. P. 4(d)(1) permits service "by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein . . . ." Although plaintiffs' process server left the summons and complaint at Briggs' mother's house there is no adequate showing that this is Briggs' dwelling house or his usual place of abode as required by Rule 4(d)(1). Plaintiffs have submitted a letter stating that "[u]pon information and belief, Mr. Briggs resided with his mother." However, a letter containing statements made merely on "information and belief" suggests speculation and in this particular case is insufficient to establish dwelling house or usual place of abode for the purpose of service and a subsequent entry of default by the Clerk of the Court. See, e.g., Co-Build Companies, Inc. v. Farrow, 12 V.I. 111, 112–113 (D.V.I. 1975) (court disregarded affidavits containing statements made merely "on information and belief" in motion for summary judgment because statements were not based on personal knowledge). Dwelling house or usual place of abode is usually defined by the facts of a particular case. Capital Life Ins. Co. v Rosen, 69 F.R.D. 83 (E.D. Pa. 1975). The record indicates that Briggs' address is Agnes Fancy No. 92. Cases make it clear that a temporary residence at the time of service is not a person's dwelling house or usual place of abode when a more permanent residence is shown to exist or may exist. See, e.g., Frasca v Eubank, 24 F.R.D. 268, 270 (E.D. Pa. 1959). A showing of some diligence to serve defendant at his dwelling house or either a showing that an effort was made to determine his dwelling house is necessary. See, e.g., Blackhawk Heating & Plumbing Co. v Turner, 50 F.R.D. 144 (D. Ariz. 1970). The affidavit of Gaston Tuckett states that the summons and complaint were left at Briggs' mother's house, but it does not state that he attempted to serve Briggs at his address or that he attempted to determine Briggs' address. Here the discrepancy between Briggs' address and his mother's address warrants further evidence that leaving the summons and complaint at Briggs' mother's house was reasonably calculated to provide actual notice to Briggs. See Minnesota Mining & Mfg. Co. v Kirkevold, 87 F.R.D. 317, 323–324 (D. Minn. 1980); see also Davis-Wilson v Hilton Hotel Corp., 106 F.R.D. 505, 510 (E.D. La. 1985). Upon a more definite showing that defendant resides with his mother at Agnes Fancy No. 55 E and that he does not reside at Agnes Fancy No. 92 the Court will consider entering an entry of default.

## CONCLUSION

██ The Court finds that based on the facts presented, plaintiff's letter (stating that upon information and belief that Courtney Briggs resided with his mother) is insufficient to establish Briggs' dwelling house or usual place of abode for proper service according to Fed. R. Civ. P. 4(d)(1) and to sustain an entry of default. An appropriate order will be entered.

## ORDER

THIS MATTER having come before the court for entry of default by plaintiffs, and for the reasons stated in the Court's Memorandum of this date;

IT IS on this 30th day of August, 1990 hereby

ORDERED THAT the motion for entry of default is RESERVED until plaintiffs provide additional information regarding defendant Courtney Briggs' dwelling house or usual place of abode that sufficiently establishes that service has been proffered according to Fed. R. Civ. P. 4(d)(1), and

THAT upon failure to provide additional information regarding proper service on defendant Courtney Briggs before September 30, 1990 this action will be dismissed.